JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dana Jennings, Joseph A. Furlong

## DEFENDANTS

Carvana, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Maricopa County, AZ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert B. Cocco, 1500 Walnut Street, Suite 900
Philadelphia, PA 19102

Attorneys *(If Known)*

Paul G. Gagne, pgagne@kleinbard.com
KLEINBARD LLC, Three Logan Square, Philadelphia, PA
19103, Telephone: (215) 523-5302

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, 1446 and 1453

Brief description of cause:
Plaintiffs bring putative class action alleging breach of contract and violation of the Pennsylvania Unfair Trade Practice Consumer Protection law.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
12/9/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Paul G. Gagne

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _1825 Penfield Street, Philadelphia, PA 19126; 3013 Old Nazareth Rd., Palmer Township, PA 18045_

Address of Defendant: _1930 W. Rio Salado Pkwy, Tempe, AZ 85281_

Place of Accident, Incident or Transaction: _Philadelphia, PA; Palmer Township, PA_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　Yes ☐　No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　Yes ☐　No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　Yes ☐　No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　Yes ☐　No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _12/09/2021_　_____　_42009_
　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.　*Federal Question Cases:*

- ☐ 1.　Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.　FELA
- ☐ 3.　Jones Act-Personal Injury
- ☐ 4.　Antitrust
- ☐ 5.　Patent
- ☐ 6.　Labor-Management Relations
- ☐ 7.　Civil Rights
- ☐ 8.　Habeas Corpus
- ☐ 9.　Securities Act(s) Cases
- ☐ 10.　Social Security Review Cases
- ☐ 11.　All other Federal Question Cases
　　　*(Please specify): _____*

B.　*Diversity Jurisdiction Cases:*

- ☑ 1.　Insurance Contract and Other Contracts
- ☐ 2.　Airplane Personal Injury
- ☐ 3.　Assault, Defamation
- ☐ 4.　Marine Personal Injury
- ☐ 5.　Motor Vehicle Personal Injury
- ☐ 6.　Other Personal Injury *(Please specify): _____*
- ☐ 7.　Products Liability
- ☐ 8.　Products Liability – Asbestos
- ☐ 9.　All other Diversity Cases
　　　*(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Paul G. Gagne_, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑　Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐　Relief other than monetary damages is sought.

DATE: _12/09/2021_　_____　_42009_
　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANA JENNINGS,** on his own behalf and on behalf of other similarly situated persons, 1825 Penfield St. Philadelphia, PA 19126-1539 | ) ) ) ) ) | **Case No.** |
| | | **CLASS ACTION** |
| **JOSEPH A. FURLONG,** on his own behalf and on behalf of other similarly situated persons, 3013 Old Nazareth Rd., Palmer Township, PA 18045-2447 | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) ) | |
| **CARVANA, LLC** 1043 N. Front St. Philadelphia, PA  19123 | ) ) ) | |
| **Defendant.** | ) | |

<u>**NOTICE OF REMOVAL OF CARVANA, LLC**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Carvana, LLC ("Carvana"), by and through its counsel, hereby gives notice of removal of this action from the Court of Common Pleas, Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, stating as follows:

**I.      FACTUAL BACKGROUND**

1.      On or about November 5, 2021, Plaintiffs Dana Jennings and Joseph A. Furlong ("Plaintiffs") filed their Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania captioned *Jennings, et al. v. Carvana, LLC*, Case ID 211100526.   A copy of the Complaint is attached hereto as Exhibit 1.  Plaintiffs served Carvana with a copy of the Complaint on November 12, 2021.  *See* Summons (Ex. 2); Affidavit / Return of Service (Ex. 3).

2. Plaintiffs allege that Jennings is "an adult  individual presently residing . . . in Philadelphia County." Compl. (Ex. 1) ¶ 1.

3. Plaintiffs allege that Furlong is "an adult individual presently residing" at an address in Palmer Township, Pennsylvania. *Id.* ¶ 2.

4. Plaintiffs allege that Carvana is a "Georgia corporation." *Id.* ¶ 3.

5. Plaintiffs seek to represent themselves as well as a class of "persons in the United States east of the Mississippi River who entered into contracts with Carvana to purchase vehicles in the two years before the commencement of this action and Carvana [allegedly] agreed to provide car registration services with non-temporary vehicle registrations in the state of their residence" and a subclass of persons from the Commonwealth of Pennsylvania who are members of the proposed class. Compl. (Ex. 1) ¶ 32.

6. The Complaint alleges that Carvana breached certain contracts with Plaintiffs and members of the proposed class and subclass when Carvana allegedly failed to provide vehicle licenses and registrations in compliance with applicable laws and regulations. *Id.* ¶¶ 11, 23, 26, 52-59.

7. The Complaint further alleges that Carvana violated Pennsylvania's Unfair Trade Practice Consumer Protection Law ("UTPCPL") vis-à-vis the proposed subclass by allegedly collecting registration, licensing, and/or transit fees improperly and issuing temporary registrations without the right to do so. *Id.* ¶¶ 60-68.

## II.    GROUNDS FOR REMOVAL

8. This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441 and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, because Carvana and at least one member of the proposed class are citizens of different

states, and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate.

### A.    The Proposed Class Readily Exceeds 100 Members

9.    For purposes of removal, CAFA requires that the proposed class consist of at least 100 members.  *See* 28 U.S.C. § 1332(d)(5).  Plaintiffs define the proposed nationwide class as "[a]ll persons in the United States east of the Mississippi River who entered into contracts with Carvana to purchase vehicles in the two years before the commencement of this action and Carvana agreed to provide car registration services with non-temporary vehicle registrations in the state of their residence."  Compl. (Ex. 1) ¶ 32.  Plaintiffs then define a subclass of "[a]ll persons from the Commonwealth of Pennsylvania who are members of the Nationwide Class."  *Id.*

10.    The proposed class for purposes of removal easily includes more than 100 members, given that information currently available to Carvana shows that, from November 5, 2019 through November 5, 2021, more than 100 persons in the states east of the Mississippi River (including more than 100 persons in the Commonwealth of Pennsylvania) entered into contracts with Carvana to purchase vehicles and paid certain fees related to registration, title, and/or licenses. *See, e.g., Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 & n.30 (3d Cir. 2015) (allegations on "information and belief" are sufficient for purposes of removal petition, because removal statute tracks language of Fed. R. Civ. P. 8(a)).  Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B.    Minimal Diversity Exists Among The Parties

11.    For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *See* 28 U.S.C. § 1332(d)(2)(A)

12.     According to the Complaint, Plaintiffs are both residents of Pennsylvania.  Compl. (Ex. 1) ¶¶ 1-2.  Upon information and belief, Plaintiffs are citizens of the State of Pennsylvania for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  Plaintiffs also seek to represent a class of individuals from all of the states east of the Mississippi River as well as a subclass of Pennsylvania residents.  *See* Compl. (Ex. 1) ¶ 32.

13.     Plaintiffs allege that Carvana is a Georgia corporation.  *See* Compl. (Ex. 1) ¶ 3.  As alleged, Carvana would be a citizen of the State of Georgia for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(d)(10).  In fact, however, Carvana is organized under the laws of the State of Arizona and has its principal place of business in the State of Arizona.  *See also* Decl. of R. Collins III (Ex. 4) at Ex. A.  Carvana is thus a citizen of the State of Arizona for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(d)(10).

14.     Either in fact or as alleged, sufficient diversity of citizenship exists between Plaintiffs and Carvana or, alternatively, between at least one other member of the proposed class and Carvana, and removal is proper.  *See* 28 U.S.C. § 1332(d)(2)(A).

### C.    The Amount In Controversy Exceeds $5 Million

15.     CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  28 U.S.C. § 1332(d)(6).  Where a complaint does not allege a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).

16.     Plaintiffs seek actual damages, including the refund of all registration and title fees.  Compl. (Ex. 1) ¶¶ 27-28; Prayer for Damages.  Plaintiffs specifically allege such fees amount to $93 for each of the Plaintiffs.  Compl. (Ex. 1) at ¶¶ 27-28.  Plaintiffs also seek to represent a class

4

of vehicle purchasers in the two years before Plaintiffs initiated this action on or about November 5, 2019.  *Id.* ¶ 32.  Information currently available to Carvana shows that, from November 5, 2019 through November 5, 2021, the average registration fees paid by customers in states east of the Mississippi River was $185.63.  Information currently available to Carvana also shows that, from November 5, 2019 through November 5, 2021, more than 30,000 persons in the states east of the Mississippi River entered into contracts with Carvana to purchase a vehicle and paid registration fees.

17.     In addition, Plaintiffs seek treble damages under the UTPCPL.  Compl. (Ex. 1) at Prayer for Damages.  It is well-established that "[w]hen both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."  *Neri v. State Farm Fire & Casualty Co.*, 2019 WL 3821538, at *3 (E.D. Pa. Aug. 13, 2019) (quoting *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)).

18.     Carvana denies any and all liability and contends that Plaintiffs' allegations are entirely without merit.  For purposes of this Notice of Removal, however, taking Plaintiffs' factual and legal allegations as true, the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy requirement of CAFA.  *See* 28 U.S.C. § 1332(d)(2).

### III.   COMPLIANCE WITH REMOVAL STATUTE

19.     The Notice of Removal was properly filed in the United States District Court for the Eastern District of Pennsylvania, because the Court of Common Pleas, Philadelphia County, Pennsylvania is located in this federal judicial district.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

20.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

21.     Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits 1 and 2, are true and correct copies of the Complaint and all process, pleadings, and orders served upon Carvana.  *See* Compl. (Ex. 1); Summons (Ex. 2).  Carvana has not filed an answer or other response to the Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania and is not aware of any currently pending motions in that court.

22.     The Complaint was served on Carvana on November 12, 2021.  *See* Affidavit / Return of Service (Ex. 3).   This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(1).

23.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiffs, and a copy, along with a Notice of Filing of the Notice of Removal, is also being filed with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania today.

24.     Carvana reserves the right to amend or supplement this Notice of Removal. Carvana further reserves all rights and defenses, including those available under Federal Rule of Civil Procedure and including all rights to move to compel arbitration and/or to enforce a class waiver provision.

## IV.   CONCLUSION

Carvana respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings

in this matter in the Court of Common Pleas, Philadelphia County, Pennsylvania.  Carvana further

requests such other relief as the Court deems appropriate.

Dated:  December 9, 2021                    Respectfully submitted,

                                            /s/ *Paul G. Gagne*
                                            Paul G. Gagne, one of the Attorneys for
                                            Carvana, LLC

Paul G. Gagne (Pennsylvania ID No. 42009)
pgagne@kleinbard.com
KLEINBARD LLC
Three Logan Square
Philadelphia, PA 19103
Telephone: (215) 523-5302

Eric Leon (New York Bar No. 2626562) (*Pro Hac Vice* to be filed)
Eric.leon@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Robert C. Collins III (Illinois Bar No. 6304674) (*Pro Hac Vice* to be filed)
robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

# EXHIBIT 1

ROBERT P. COCCO, P.C.
BY:     Robert P. Cocco
Identification No.: 61907
1500 Walnut Street - Suite 900
Philadelphia, PA 19102
bob.cocco@phillyconsumerlaw.com

Filed and Attested by the
Office of Judicial Records
05 NOV 2021 11:46 am
M. RUSSO

Attorneys for Plaintiffs

DANA JENNINGS, *on his own behalf and on behalf of
other similarly situated persons*,
1825 Penfield St.
Philadelphia, PA 19126-1539

JOSEPH A. FURLONG, *on his own behalf and on behalf of
other similarly situated persons*,
3013 Old Nazareth Rd.,
Palmer Township, PA 18045-2447

Plaintiffs,

v.

CARVANA, LLC
1043 N. Front St.
Philadelphia, PA 19123,

Defendant.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL DIVISION

No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**<br><br>Lawyer Reference Service<br>One Reading Center, 11th & Market Sts.<br>Philadelphia, Pennsylvania 19107<br>Telephone: (215) 238-1701 | Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted yiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification.  Hace falta a sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus definsas o sus objeciones a las demanda en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notification. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.<br>**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFCINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**<br>Lawyer Reference Service<br>One Reading Center, 11th & Market Sts.<br>Philadelphia, Pennsylvania 19107<br>Telephone: (215) 238-1701 |

Case ID: 211100526

**ROBERT P. COCCO, P.C.**
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200
bob.cocco@phillyconsumerlaw.com

Attorneys for Plaintiffs

DANA JENNINGS, *on his own behalf and on
behalf of other similarly situated persons,*
1825 Penfield St.
Philadelphia, PA 19126-1539

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH A. FURLONG, *on his own behalf and on
behalf of other similarly situated persons,*
3013 Old Nazareth Rd.,
Palmer Township, PA 18045-2447

No.

**JURY TRIAL DEMANDED**

         Plaintiffs,

    v.

CARVANA, LLC
1043 N. Front St.
Philadelphia, PA 19123,

         Defendant.

## COMPLAINT - CLASS ACTION

### I.   INTRODUCTION

This is a consumer protection action brought to redress and restrain common law violations and violations of the Pennsylvania Unfair and Deceptive Trade Practices Act against a national used car dealer for its delay in permanently transferring the car's title for months and months which it had contractually represented to hold and agreed to transfer. As a result, consumers are often unable to legally drive the cars they purchased because they cannot timely register the car or get adequate insurance coverage.

### II.   PARTIES

1.   Plaintiff, DANA JENNINGS, is an adult individual presently residing at the above captioned address in Philadelphia County.

Case ID: 211100526

2.    Plaintiff, JOSEPH A. FURLONG, is an adult individual presently residing at 3013 Old Nazareth Rd., Palmer Township, PA 18045-2447.

3.    Defendant, CARVANA LLC ("CARVANA") is a Georgia corporation regularly conducting business nationally and in the Commonwealth of Pennsylvania and in the County of Philadelphia. CARVANA is also a licensed used car dealer required to comply with the laws of this Commonwealth.

## III.    FACTUAL ALLEGATIONS

4.    At all times relevant hereto, defendant acted by and through its agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

5.    At all times relevant hereto, Arizona permits a non-resident to purchase a ninety (90) day non-resident permit, a temporary paper license plate, to allow the individual to drive their vehicle back to the state in which they reside, 28 § 2156.

6.    At all times relevant hereto, Tennessee does not permit renewal thirty (30) days after a temporary tag's issuance, Tenn. Code Ann. § 55-4-103(a)(1)-(2).

7.    At all times relevant hereto, temporary registration plates for newly purchased motor vehicles expire within thirty (30) days of issuance and cannot be re-issued, Pa. Code 67 § 43.12. (c) (1)(C).

### A.  Facts Concerning Plaintiff Jenning's Transaction

8.    On or around December 29, 2020, Plaintiff purchased online from Defendant a 2017 Kia Sportage, VIN# ending in XXXX2620 (hereinafter referred to as "the Vehicle") by executing a written retail installment contract ("RISC") (attached hereto as Exhibit A) with the following material terms:

a.  The RISC would be subject to Pennsylvania law.

2

b. The Parties agreed to a $14,990.00 cash sale price;

c. CARVANA imposed a State Registration Fee of $38.00;

d. CARVANA imposed a License Plate fee of $16.00;

e. CARVANA imposed a State Title Fee of $55.00

9. CARVANA delivered the vehicle with an Arizona temporary license tag to Plaintiff's residence address in Pennsylvania.

10. At the time of the aforesaid delivery, Plaintiff signed the sales and delivery documents for the transaction in paper and electronic form both on-line and in person upon delivery of the vehicle to him by Defendant.

11. After repeated promises in six (6) emails from February through October 2021, CARVANA failed to provide Plaintiff with his permanent registration as it was required to do so pursuant to Plaintiff's payment for such service reflected in the RISC.

12. Instead, without the legal right or authorization to do so, CARVANA provided plaintiff with six (6) temporary license tags, from the date of sale through the most recently issued one which expired on October 23, 2021, from the Arizona Department of Transportation (2), the Tennessee Department of Revenue (2) and the Commonwealth of Pennsylvania (1).

13. When it provided the aforesaid improper temporary registrations, CARVANA concealed from the Plaintiff that it was not authorized by either the States of Tennessee or Arizona to do so.

14. Plaintiff relied upon the RISC and CARVANA's promises to have the vehicle properly registered in the Commonwealth of Pennsylvania as evidenced by his agreements in the RISC, his trade-in of his prior vehicle, and his payments on the purchased vehicle (which included the fees imposed and thereafter collected by CARVANA that are specified in ¶ 7 *supra*).

3

Case ID: 211100526

15.   As of the date of this filing, CARVANA has still not provided Plaintiff permanent registration as it was required to do so pursuant to the RISC and for which Plaintiff paid it to do so.

**B.  Facts Concerning Plaintiff Furlong's Transaction**

16.   At all times relevant hereto, Arizona permits a non-resident to purchase a 90-day non-resident permit, a temporary paper license plate, to allow the individual to drive their vehicle back to the state in which they reside, 28 § 2156.

17.   At all times relevant hereto, Tennessee does not permit renewal 30 days after a temporary tag's issuance, Tenn. Code Ann. § 55-4-103(a)(1)-(2).

18.   On or around June 3, 2021, Plaintiff purchased online from Defendant a 2020 Toyota RAV4, VIN# ending in XXXX5526 (hereinafter referred to as "the Vehicle") by executing a written retail installment contract ("RISC") (attached hereto as Exhibit A) with the following material terms:

   a.  The RISC would be subject to Pennsylvania law.
   b.  The Parties agreed to a $33,990.00 cash sale price;
   c.  CARVANA imposed a State Registration Fee of $38.00;
   d.  CARVANA imposed a License Plate fee of $16.00;
   e.  CARVANA imposed a State Title Fee of $55.00.

19.   CARVANA delivered the vehicle with an Arizona temporary license tag to Plaintiff's residence address in Pennsylvania.

20.   At the time of the aforesaid delivery, Plaintiff signed the sales and delivery documents for the transaction in paper and electronic form both on-line and in person upon delivery of the vehicle to him by Defendant.

4

Case ID: 211100526

21.      After the first temporary license tag expired October 12, 2021, CARVANA failed to provide Plaintiff with his permanent registration as it was required to do so pursuant to Plaintiff's payment for such service reflected in the RISC.

22.      Instead, on or about October 7, 2021, without the legal right or authorization to do so, CARVANA provided plaintiff with a new temporary license tag for the duration of thirty (30) days issued by Tennessee's Department of Motor Vehicles. When it provided the improper Tennessee registration, CARVANA concealed from the Plaintiff that it was not authorized by the State of Tennessee to do so.

23.      Plaintiff relied upon the RISC and CARVANA's promises to have the vehicle properly registered in the Commonwealth of Pennsylvania as evidenced by his agreements in the RISC, his trade-in of his prior vehicle, and his payments on the purchased vehicle (which included the fees imposed and thereafter collected by CARVANA that are specified in ¶ 16 *supra*).

24.      As of the date of this filing, CARVANA has still not provided Plaintiff permanent registration as it was required to do so pursuant to the RISC and for which Plaintiff paid it to do so.

### C. Carvana's Relevant Unlawful Activities in Other State Jurisdictions

25.      In August 2021, the State of North Carolina revoked CARVANA's Raleigh area dealers license for, among other infractions of dealer licensing laws, not delivering the vehicle title to the DMV in a timely manner and improperly issuing out-of-state temporary tags and plates to buyers similarly situated to the Plaintiff who otherwise had no connection to the states from which the temporary tags and plates issued.

26.      Upon information and belief, it is averred that CARVANA's state law compliance policies and practices are such that it routinely issues multiple temporary license tags in violation of state laws governing the issuance of temporary license tags. More specifically, class discovery will

Case ID: 211100526

reveal that CARVANA's records indicate routine repeated generation of temporary license tag reissuances by CARVANA's computer system in connection with sales transactions in the Commonwealth of Pennsylvania and throughout the United States in the same manner and form as what occurred with the Plaintiff. This belief is based in part on other consumer's experiences and also the administration action taken against CARVANA recently by the State of North Carolina.

27.    Plaintiff Jennings suffered actual damages from CARVANA's aforesaid conduct in that he paid CARVANA fees and charges in the amount of $93.00 for licensing and registration for the vehicle which CARVANA failed to complete.

28.    Plaintiff Furlong suffered actual damages from CARVANA's aforesaid conduct in that he paid CARVANA fees and charges in the amount of $93.00 for licensing and registration for the vehicle which CARVANA failed to complete.

29.    The RISC contains *no* forced arbitration clause.

30.    CARVANA did create a standalone separate document entitled "Arbitration Agreement" purporting to require the Parties to participate in forced arbitration, but this clause is void under the Pennsylvania Motor Vehicles Sales Finance Act ("MVSFA"), 69 P.S. § 613(A) and (B) which requires, respectively, that all retail installment agreements between the parties must be placed on *one (1)* document and must be complete as to all material provisions. *Knight v. Springfield Hyundai*, No. 3089 EDA 2012, (Pa. Super. 2012).

III.    **Class Action Allegations**

31.    The allegations above are re-alleged and incorporated herein by reference.

32.    The prerequisites of Pennsylvania Rule 1702 can be met by the following proposed class action proposing the following class, subject to amendment:

6

a. **Nationwide Title Class:** All persons in the United States east of the Mississippi River who entered into contracts with CARVANA to purchase vehicles in the two years before the commencement of this action and CARVANA agreed to provide car registration services with non-temporary vehicle registrations in the state of their residence.

b. **Pennsylvania Title Class:** All persons from the Commonwealth of Pennsylvania who are members of the Nationwide Class.

33.     Plaintiffs both qualify as a member of each of the proposed classes in the preceding paragraph.

34.     Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of CARVANA; (ii) a relative of an employee or independent contractor of the CARVANA; or (iii) an employee of the Court where this action is pending.

35.     The proposed class definitions in ¶ 32 as limited by ¶ 34 may be amended or modified from time to time.

36.     The particular members of the (i) **Nationwide Title Class**, and (ii) **Pennsylvania Title Class**, (collectively referred to "**Proposed Classes**") are capable of being described without difficult managerial or administrative problems.  The members of the putative classes are also readily identifiable from the information and records in the possession or control of the Defendant or its affiliates and agents, and from public records.

37.     The Proposed Classes are sufficiently numerous and exceed more than fifty persons each, such that individual joinder of all members is impractical. This allegation is based on a publically filed data disclosed by CARVANA's public filings.

Case ID: 211100526

38.   The Proposed Classes are so numerous that joinder of all members is impracticable.

39.   There are questions of law and fact common to the Proposed Classes which predominate over any questions affecting only individual members of the putative class and subclass. The wrongs alleged against Defendant by the members of the Proposed Classes and the remedies sought by Named Plaintiff and the putative class members against CARVANA are identical.

40.   The putative Classes meet the requirements of Rule 1708 relating to classes that seek monetary relief as the common issues identified above are also the predominant issues in this action in that the common issues related to the National and state Class members include, but are certainly not limited to:

  a.   Whether CARVANA breached its contracts by failing to provide the agreed upon non-temporary automobile registrations agreed to with the class members;

  b.   Whether CARVANA had the right to issue temporary registrations from the States other than class members' legal residence to the class members' vehicles when the transaction did not concern vehicles purchased from or sold to class members from outside their state of residence; and

  c.   Whether CARVANA's conduct was unfair, unconscionable, or constituted unfair competition;

  d.   Whether CARVANA is liable to the class members for the damages and losses, including nominal damages, in the form of the fees agreed upon for the services not reasonable provided.

Case ID: 211100526

41.    CARVANA's defenses (which defenses are denied) would be typical or identical for each of the member of the Proposed Classes and will be based on the same legal and factual theories.

42.    Certification of the Proposed Classes is appropriate as to the members of the Proposed Classes in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.

43.    A class action will cause an orderly and expeditious administration of claims by the members of the Proposed Classes and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

44.    The only individual questions concern the identification of members of the Proposed Classes. This information can be determined by a ministerial examination of public records or from CARVANA's business records or other sources including those from the States of Arizona and Tennessee, which are admissible as an exception to the hearsay rule and as a statement by a party.

45.    The Named Plaintiffs' class claims are typical of the claims of the members of the Proposed Classes since they are based on and arise out of identical facts constituting the wrongful conduct of the CARVANA (directly and indirectly).

46.    Plaintiffs will also fairly and adequately represent and protect the interests of the Proposed Classes. They are similarly situated with, and has suffered similar injuries as, the Proposed Classes she proposes to represent. They also have retained counsel experienced in consumer class actions including actions involving unlawful collection and mortgage servicing practices. Plaintiffs do not have any interests which might cause them not to vigorously prosecute this action or are otherwise adverse to the interests of the members of the Proposed

9

Classes. They feel that they and the putative class members have been wronged, wish to obtain redress of the wrong, and want CARVANA stopped from failing to comply with its mandatory duties that form the basis of the class claims.

47.     Plaintiffs have also hired attorneys who meet the criteria of Rule 1709 as they can adequately represent the class since they are experienced attorneys with substantial class action experience. Plaintiffs and counsel have adequate financial resources to assure that the class will not be harmed.

48.     The Proposed Class members have suffered actual damages, losses, and harm similar to those sustained by the Plaintiffs.

## PATTERN AND PRACTICE

49.     The allegations regarding the additional victims set forth below are pleaded in accordance with case law and Pa.R.E. 404(b)(2) to demonstrate CARVANA's motive, knowledge, notice, plan, scheme and the absence of mistake or accident, and to demonstrate the propriety of exemplary damages under the UTPCPL. Pa.R.E. 404(b)(2) ("[e]vidence of other crimes, wrongs, or acts may be admitted [into evidence] for other purposes, such as proof of **motive**, opportunity, **intent**, **preparation**, **plan knowledge**, identity or **absence of mistake or accident**.") (emphasis added). These allegations also substantiate and support Mr. Stout's claim(s) for punitive and/or exemplary damages.

50.     CARVANA is a repeat offender.

51.     CARVANA has engaged in a pattern and practice of fraud and deceit and have defrauded and deceived and harmed numerous consumers.

## IV.     CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT
(CLASS CLAIM ON BEHALF OF THE TITLE CLASS AND THE PENNSYLVANIA TITLE CLASS)

Case ID: 211100526

52.     Plaintiffs incorporate the preceding paragraphs herein. This claim is brought on behalf of the Plaintiff individually and on behalf of the Nationwide Title Class and the Pennsylvania Title Class members.

53.     As described herein, Plaintiffs and Nationwide Title Class and the Pennsylvania Title Class members formed contracts with CARVANA.

54.     Every contract imposes the duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

55.     An express and/or implied term of the contracts between the Plaintiffs and the Nationwide Title Class and the Pennsylvania Title Class members, CARVANA agreed that the sale was being conducted in compliance with all laws and regulations governing such sales.

56.     By failing to permanently license and register the vehicles properly in exchange for the fees it charged and collected from the plaintiff and the Nationwide Title Class and the Pennsylvania Title Class members, Defendant CARVANA failed to conduct the sale of the vehicles to the Plaintiffs and class members in compliance with all laws and regulations governing such sales and it improperly issued temporary registrations from the States of Arizona and Tennessee without the right to do so since, under both Arizona and Tennessee law, it could not issue temporary vehicle registrations to vehicles with no nexus to the States of Arizona and Tennessee in the sales transaction.

57.     By its aforesaid conduct, Defendant CARVANA breached the terms of the contracts it had with the Plaintiff and the Nationwide Title Class and the Pennsylvania Title Class members, including any implied or express warranties therein, and acted in bad faith.

11

58.   Defendant CARVANA has wrongfully, recklessly, and/or intentionally breached the duty of good faith by denying Plaintiffs and the Nationwide Title Class and the Pennsylvania Title Class members the benefits to which they bargained and paid for in their sales contracts.

59.   Defendant CARVANA's breaches of the covenant of good faith and fair dealing have proximately and directly caused damages to Plaintiffs and the Nationwide Title Class and the Pennsylvania Title Class members.

### COUNT II - UNFAIR TRADE PRACTICE CONSUMER PROTECTION LAW ("UTPCPL")
### (CLASS CLAIM ON BEHALF OF THE PENNSYLVANIA TITLE CLASS)

60.   Plaintiffs incorporate the preceding paragraphs herein. This claim is brought on behalf of the Plaintiffs individually and on behalf of the Pennsylvania Title Class and the Pennsylvania Transit Fee Class members.

61.   The used motor vehicle sales practices described herein related to Defendant constitute trade and commerce under the UTPCPL, 73 P.S. §201-2(3).

62.   The UTPCPL, 73 P.S. §§201-2(4) prohibits unfair or deceptive trade practices in the sale of goods such as used motor vehicle sales as provided by CARVANA, and also prohibits unfair or deceptive trade practices in the sale or provision of such services as described in this action.

63.   Plaintiffs purchased the for personal, family, and/or household purposes.

64.   CARVANA by its acts or omissions described herein, made materially false, misleading oral or written statements or other representations, directly and indirectly through authorized agents and employees, including but not limited to the following:

  a.  Imposing and collecting car registration fees for which it did not perform then agree upon service and/or utilized an unfair and deceptive practice of issuing temporary registrations from the State of Ohio without the right to do so.

12

Case ID: 211100526

b.  Imposing and collecting a bogus Transit Fee not authorized by 12 Pa. Stat. and

Cons. Stat. Ann. § 6233 or in the alternative, if authorized, inflating the fee to a

sum in excess of its actual related costs for the purported service.

65.     Plaintiffs suffered an ascertainable loss of money by payment of the title/registration

and transit fees described herein.

66.     As a licensed installment seller CARVANA knew or should have known prior to

making the sales to Plaintiffs and Pennsylvania Title Class and the Pennsylvania Transit Fee Class

members the laws governing the transactions.

67.     CARVANA's routine business practices subject to this claim disregarded the laws

governing the transaction.

68.     No reasonable person would assume that a licensed installment seller would violate

the laws governing its activities. Plaintiffs and the Pennsylvania Title Class and the Pennsylvania

Transit Fee Class members justifiably relied on CARVANA's acts and omissions by believing the

fees charged a to them were lawful and bona fide and they paid the fees as further evidence of that

reasonable reliance.

69.     By the aforesaid misrepresentations and others referenced herein, these

misrepresentations and omissions had the capacity, tendency, or effect of deceiving or misleading

the plaintiff to purchase the subject vehicle in violation of the UTPCPL by, including but not limited

to causing a likelihood of confusion or misunderstanding as to the propriety of the registration fee,

all in violation 73 P.S. § 201-1(4)(xxi).

70.     By its deceptive conduct towards plaintiff as described above, CARVANA is strictly

liable to Plaintiffs for damages they incurred.

13

Case ID: 211100526

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs request that the Court grant judgment against the Defendant as follows:

A. Certifying this action as a Class Action with the Proposed Classed as defined above and with Plaintiff as the representative of the Proposed Classes;

B. Awarding Plaintiff and the Proposed Class members appropriate actual damages under the legal theories alleged herein together with pre-judgment interest;

C. Ordering Defendant to pay treble damages under the UTPCPL;

D. Ordering Defendant to pay costs, penalties, and attorney's fees;

E. Granting such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

/s/Robert  P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

Dated: November 5, 2021

*Attorney for Plaintiffs and the Putative Classes*

14

## VERIFICATION

I, Dana Jennings, plaintiff in this matter, verify that I have read the foregoing complaint and the factual information contained therein is true and correct to the best of my personal knowledge, information and belief.

To the extent that the foregoing complaint contains legal conclusions, they are the product of my attorneys.

I understand that the statements made in the foregoing complaint are made subject to the penalties of 18 Pa. §4904 relating to unsworn falsification to authorities.

Dated: _____     _____
                           Dana Jennings

15

Case ID: 211100526

## VERIFICATION

I, Joseph A. Furlong, plaintiff in this matter, verify that I have read the foregoing complaint and the factual information contained therein is true and correct to the best of my personal knowledge, information and belief.

To the extent that the foregoing complaint contains legal conclusions, they are the product of my attorneys.

I understand that the statements made in the foregoing complaint are made subject to the penalties of 18 Pa. §4904 relating to unsworn falsification to authorities.

Dated:

_____
Joseph A. Furlong

16

Case ID: 211100526

# EXHIBIT 2

ROBERT P. COCCO, P.C.
BY: Robert P. Cocco
Identification No.: 61907
1500 Walnut Street - Suite 900
Philadelphia, PA 19102
bob.cocco@phillyconsumerlaw.com

Filed and Attested by the Office of Judicial Records 05 NOV 2021 11:46 am M. RUSSO

Attorneys for Plaintiffs

DANA JENNINGS, *on his own behalf and on behalf of other similarly situated persons*,
1825 Penfield St.
Philadelphia, PA 19126-1539

JOSEPH A. FURLONG, *on his own behalf and on behalf of other similarly situated persons*,
3013 Old Nazareth Rd.,
Palmer Township, PA 18045-2447

Plaintiffs,

v.

CARVANA, LLC
1043 N. Front St.
Philadelphia, PA 19123,

Defendant.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL DIVISION

No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Lawyer Reference Service
One Reading Center, 11th & Market Sts.
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-1701

## AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted yiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Hace falta a sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defnsas o sus objeciones a las demanda en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notification. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFCINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Lawyer Reference Service
One Reading Center, 11th & Market Sts.
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-1701

# EXHIBIT 3

## Affidavit / Return of Service

| | | | |
|---|---|---|---|
| **Plaintiff:** | JOSEPH A FURLONG<br>DANA JENNINGS | **Court Term & No.:** | 211100526<br><br><br>E-File# 2111027318 |
| **Defendant:** | CARVANA LLC | **Document Served:**<br>  Plaintiff's Complaint | |
| **Serve at:** | 1043 N. FRONT ST. | **Company Reference/Control No.:**<br>21-11018 | |

Served and Made Known to CARVANA LLC on 11/12/2021 at 01:34 PM, in the manner described below:

 Agent or person in charge of Party's office or usual place of business. NAME: ANDREW BOSTIC

| **Description** | **Age:** | **Height:** | **Weight:** | **Race:** | **Sex:** |
|---|---|---|---|---|---|
| | 35 | 6' 2" | 170 lbs. | Caucasian | Male |
| | **Other:** TEAM LEADER | | | | |

| **Company Profile:** | **Name of Server:** TIMOTHY MADUZIA |
|---|---|
| GILL GILL & ASSOCIATES INC<br>1500 WALNUT ST.<br>SUITE 1050<br>PHILADELPHIA PA 19102<br>PHONE: (215)790-0800 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | **Deputy Sheriff:** |

**FILED AND ATTESTED PRO-PROTHY 12 NOV 2021 03:03 PM**

\\zdrafsrv 12/8/11

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANA JENNINGS,** on his own behalf and on behalf of other similarly situated persons, 1825 Penfield St. Philadelphia, PA 19126-1539 | ) ) ) ) ) | **Case No.** |
| **JOSEPH A. FURLONG,** on his own behalf and on behalf of other similarly situated persons, 3013 Old Nazareth Rd., Palmer Township, PA 18045-2447 | ) ) ) ) ) ) ) | **CLASS ACTION** **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **CARVANA, LLC** | ) ) | |
| Defendant. | ) | |

**DECLARATION OF ROBERT C. COLLINS III
IN SUPPORT OF NOTICE OF REMOVAL OF CARVANA, LLC**

I, Robert C. Collins III, hereby declare as follows:

1.      I am a partner at the law firm of Latham & Watkins LLP.  I have knowledge of the facts stated in this declaration and make this declaration in support of the Notice of Removal of Carvana, LLC in the above-captioned action.  I am over 18 years of age.  The facts contained in this declaration are based on my personal knowledge.

2.      A true and correct copy of an Entity Search printout for Carvana, LLC obtained from the Arizona Secretary of State's website is attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 9th day of December, 2021.

_Robert Collins_
_____

# EXHIBIT A

ENTITY INFORMATION

Search Date and Time: 12/6/2021 10:44:17 AM

Entity Details

Entity Name:

CARVANA, LLC

Entity ID:

L17453586

Entity Type:

Domestic LLC

Entity Status:

Active

Formation Date:

3/9/2012

Reason for Status:

In Good Standing

Approval Date:

3/13/2012

Status Date:

Original Incorporation Date:

3/9/2012

Life Period:

Perpetual

Business Type:

Last Annual Report Filed:

Domicile State:

Arizona

Annual Report Due Date:

Years Due:

Original Publish Date:

5/11/2012

Statutory Agent Information

Name:

CORPORATION SERVICE COMPANY

Appointed Status:

Active 2/26/2019

Attention:

Address:

8825 N 23RD AVENUE SUITE 100, PHOENIX, AZ 85021, USA

Agent Last Updated:

2/26/2019

E-mail:

Attention:

Mailing Address:

8825 N 23RD AVENUE SUITE 100, PHOENIX, AZ 85021, USA

County:

Maricopa

Principal Information

| Title | Name | Attention | Address | Date of Taking Office | Last Updated |
|-------|------|-----------|---------|----------------------|--------------|
| Manager | CARVANA GROUP LLC | | 1930 W RIO SALADO PKWY, TEMPE, AZ, 85281, USA | 2/8/2016 | 8/8/2017 |
| Member | CARVANA CO SUB LLC | | 1930 W RIO SALADO PKWY, TEMPE, AZ, 85281, USA | 8/7/2017 | 8/9/2017 |
| Member | CARVANA GROUP LLC | | 1930 W RIO SALADO PKWY, TEMPE, AZ, 85281, USA | 2/8/2016 | 8/8/2017 |

Page 1 of 1, records 1 to 3 of 3

Address 

Attention:

Address: ATTN: LICENSING DEPT 1930 W RIO SALADO PKWY, TEMPE, AZ, 85281, USA

County: Maricopa

Last Updated: 3/9/2012

Entity Principal Office Address

Attention:

Address:

County:

Last Updated:

Back

Return to Search

Return to Results

Document History     Name/Restructuring History

Pending Documents     Microfilm History

## CERTIFICATE OF SERVICE

I, Paul G. Gagne, hereby certify that I caused a copy of the foregoing Petition for

Removal, Civil Cover Sheet, Designation Form, Rule 7.1 Statement and Notice of Filing of

Notice of Removal to be served on the parties listed below, by email and prepaid, First Class

United States mail, on December 9, 2021.

Robert P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Telephone: (215) 351-0200
Email: bob.cocco@phillyconsumerlaw.com

*Attorney for Plaintiffs*

/s/ *Paul g. Gagne*
Paul G. Gagne, One of the Attorneys for
Carvana, LLC.

Paul G. Gagne
pgagne@kleinbard.com
KLEINBARD LLC
Three Logan Square
Philadelphia, PA 19103
Telephone: (215) 523-5302