### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA JENNINGS and JOSEPH A. FURLONG, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br>        v.<br><br>CARVANA, LLC,<br><br>                    Defendant. | Case No. 5:21-cv-05400 |

### PLAINTIFFS' SUR-REPLY TO
### DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS
### & MOTION TO TAKE JUDICIAL NOTICE

By their undersigned counsel, Plaintiffs reply to Defendant Carvana, LLC's ("Carvana" or "Defendant") new argument and factual contention raised for the first time in its Reply Brief regarding interpretation of the Pa. MVSFA in its Reply to Motion to Compel Arbitration and to Dismiss Plaintiffs' Complaint (ECF. 24)("Reply").

For the first time in its Reply Carvana advances a new argument not previously advanced in its original motion (ECF. 18).  Originally, Carvana argued the RISC did not control the Plaintiffs' claims but instead the Retail Purchase Agreement (RPA) controlled.  Motion at 7.  In response to Plaintiffs' opposition, Carvana pivots to now argue that its one line-item summary of fees paid to public officials on the RISC summary complies with 2 Pa. C.S.A. § 6222(v)'s express terms.   Reply at 2.  With due respect, the plain language of the MVSFA says otherwise:

>     (5)  The following items in writing and in a clear and conspicuous manner, with each component of each subparagraph listed separately:
>   …
>
>             (v)  Other charges necessary or incidental to the sale or financing of a motor vehicle:
>                     (A)  which the seller contracts to retain, receive or pay on behalf of the buyer…

12 Pa. C.S.A. § 6222.  *See also* 12 Pa. C.S.A. § 6224 ("Costs and charges under sections 6222 (relating to contents) and 6242 (relating to other costs included in amount financed) shall be separately itemized in an installment sale contract as to their nature and amounts").

Regarding the inference advanced by Carvana in its Reply that it is not required to comply with 12 Pa. C.S.A. § 6222 or 12 Pa. C.S.A. § 6224 and not include an itemized list of all costs and charges, or even include its purported arbitration agreement in its RISCs, the Court may take judicial notice of the facts presented on the attached Exhibits 1-10 pursuant to Fed. R. Evid. 201. Specifically, these RISCs, all of public record in state court litigations previously filed in this Commonwealth, show that other Pennsylvania dealers know how to comply and do comply with the mandatory requirements of 12 Pa. C.S.A. §§ 6222, 6224 regarding separate itemization of costs and charges as to nature and amounts in similar financed sale circumstances.  Tens more of these sample RISCs filed of record as exhibits can be produced to amplify that other car dealers in Pennsylvania know how to prepare other contractual terms in compliance with the general requirements of 12 Pa. C.S.A. §§ 6222, 6224 as well.  Ex. 1-10.

These adjudicative facts from the RISCs publicly recorded in this Commonwealth are also consistent with the arguments advanced by the Plaintiffs herein regarding the law and practice by other car dealers under the law in the Commonwealth.  *Compare United States v. Crespo*, 868 F. Supp. 79, 83 (M.D. Pa. 1994)(taking judicial of "the fact that drug dealers are likely to be armed and dangerous"); *Lowenschuss v. W. Pub. Co.*, 402 F. Supp. 1212, 1216 (E.D. Pa. 1975), aff'd, 542 F.2d 180 (3d Cir. 1976)("It is a matter of common knowledge, so clear as to be a proper subject of judicial notice, that the ultimate decision as to which opinions are published in Federal Supplement rests with the courts, not with the West Publishing Company").

WHEREFORE, for the reasons stated, Plaintiffs move the Court to take Judicial Notice of Exhibits 1 – 10 attached hereto and, based on thereon and on the foregoing arguments, request the Court deny Carvana's Motion to Dismiss/Compel Arbitration.

Dated: March 23, 2022                    */s/Robert P. Cocco*
                                         Robert P. Cocco, Esquire
                                         Attorney I.D. No. 61907
                                         1500 Walnut St., Ste. 900
                                         Philadelphia, PA  19102

                                         *Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was sent to all counsel of record through the Court's CM/ECF system when filed with the Court.

                                         */s/Robert Cocco*
                                         Robert Cocco