### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA JENNINGS and JOSEPH A. FURLONG, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br>        v.<br><br>CARVANA, LLC,<br><br>                          Defendant. | Case No. 5:21-cv-05400 |

### NOTICE OF SUPPLEMENTAL AUTHORITY

By their undersigned counsel, Plaintiffs provide the Court with notice of a recent supplemental authority related to the pending motion to compel arbitration (ECF. 18) and arguments advanced by Defendant in this action—i.e. *Morgan v. Sundance, Inc.*, No. 21-328, 2022 WL 1611788 (U.S. May 23, 2022).  In supplement Plaintiffs state:

The recent decision by the Supreme Court in *Morgan v. Sundance* is persuasive authority for Plaintiffs' argument that the statutory one document rule under Pennsylvania's Motor Vehicle Sales Finance Act ("MVSFA") bars application of the arbitration agreement/class action waiver herein. The Court held therein that the federal rule governing waiver of rights or defenses did not require a showing of prejudice to determine whether the defendant had waived its right to arbitration by litigating the case for a period of time prior thereto. *Morgan*, 2022 WL 1611788, at *3.  In so holding, relevant to the arguments and issues before this Court in the pending motion, the Supreme Court explained:

> If an ordinary procedural rule—whether of waiver or forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it. The federal policy is about treating arbitration contracts like all others, not about fostering arbitration. See *ibid.*; *National Foundation for Cancer Research* v. *A. G. Edwards & Sons*, *Inc.*, 821 F. 2d 772, 774 (CADC 1987) ("The Supreme Court has made clear" that the FAA's policy "is based upon the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism").

*Id.* at *4.

Here, Carvana attempts by its Motion to override the MVSFA one document rule – a statutory construct neutral towards arbitration as much as the federal procedural rule in *Morga*n, by the mere fact that the MVSFA provision can have a negative impact in fostering arbitration in this matter.  But the Court does not have the authority under Morgan to so conclude herein.  "[T]he FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules."  *Id*.

In light of the holding in *Morgan*, Carvana's argument should be rejected as an improper imposition upon a legitimate legislative prerogative to require material terms of a contract be included in one document.  The MVSFA is neutral as to the substance of the arbitration/class waiver by requiring that all terms be contained in a single document and Carvana ignored that requirement.  Therefore, its arbitration agreement cannot be enforced since it violates the requirements of the MVSFA.

[signature on next page]

Dated: May 31, 2022

*/s/Robert P. Cocco*
Robert P. Cocco, Esquire
Attorney I.D. No. 61907
1500 Walnut St., Ste. 900
Philadelphia, PA  19102

*/s/ Phillip R. Robinson*
Phillip R. Robinson
*Admitted Pro Hoc Vice*
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was sent to all counsel of record through the Court's

CM/ECF system when filed with the Court.

*/s/Robert Cocco*
Robert Cocco