IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA JENNINGS and JOSEPH A. FURLONG, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br> v.<br><br>CARVANA, LLC,<br><br>    Defendant. | Case No. 5:21-cv-05400<br><br>Hon. Edward G. Smith |

**DEFENDANT CARVANA, LLC'S RESPONSE
TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Carvana, LLC ("Carvana") respectfully submits this response to Plaintiffs' June 1, 2022 Notice of Supplemental Authority (Dkt. 31) ("Notice"), which attached the U.S. Supreme Court's decision in *Morgan v. Sundance, Inc.*, 2022 WL 1611788 (May 23, 2022).

The Supreme Court in *Morgan* held that a "showing of prejudice" is not required before a federal court may find that a party waived its right to arbitration, because prejudice is not an element of the doctrine of waiver generally. *See* 2022 WL 1611788, at *3-4. The Court in *Morgan* held that the Federal Arbitration Act "does not authorize federal courts to invent *special*, arbitration-*preferring* procedural rules." *Id.* at *4 (emphasis added). But Carvana's motion to compel arbitration is neither about the doctrine of waiver nor the creation of a federal procedural rule that is *more* favorable to arbitration provisions than other contracts generally. Plaintiffs instead argue that the parties' arbitration agreements should not be enforced because Pennsylvania has enacted a rule applicable *only* within the financed motor vehicle industry that requires the parties' arbitration agreements to be included in the parties' retail installment contracts.

The Court in *Morgan*, however, reiterated decades of precedent holding that there is a

1

"strong federal policy favoring arbitration," that courts must "place [arbitration] agreements upon the same footing *as other contracts*," and that "a court must hold a party to its arbitration contract just as the court would to *any other kind*" of contract. *See id.* at *3-4 (internal citations and quotations omitted) (emphasis added). "The federal policy is about treating arbitration contracts *like all others*." *See id.* at *4 (emphasis added). Plaintiffs' interpretation of Pennsylvania's one-document rule would violate this dictate, because it would place the parties' arbitration agreement upon different footing as other contracts and treat the parties' arbitration agreement unlike all others. If the parties had entered into their arbitration agreement in the context of *any* industry other than the financed motor vehicle industry—including even the *non-*financed motor vehicle industry—there would be no dispute that this case belongs in arbitration. *See* Reply Br. (Dkt. 24) at 6-7; *see also, e.g., Cahill v. Alt Wines, Inc.*, 2013 WL 427396, at *5 (N.D. Ia. 2013); *Fitz v. Islands Mech. Contractor, Inc.*, 2010 WL 2384585, at *7 (D. Vi. 2010); *KKW Enters. Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 50 (1st Cir. 1999). Yet, Pennsylvania's one-document rule has been applied to bar the enforcement of otherwise-binding arbitration agreements in the financed motor vehicle space, standing as an obstacle to the accomplishment and execution of the core purposes and objectives of the FAA. *See* Reply Br. (Dkt. 24) at 7-8.

Carvana thus respectfully submits that *Morgan* only serves to reaffirm that Carvana's motion to compel arbitration on a non-class basis should be granted.

Dated:  June 3, 2022                           Respectfully submitted,

                                               /s/ *Robert C. Collins III*
                                               Robert C. Collins III, one of the Attorneys
                                               for Carvana, LLC

Eric Leon (New York Bar No. 2626562) (Admitted *Pro Hac Vice*)
eric.leon@lw.com
Marc S. Werner (New York Bar No. 5301221) (Admitted *Pro Hac Vice*)
marc.werner@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Robert C. Collins III (Illinois Bar No. 6304674) (Admitted *Pro Hac Vice*)
robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Paul G. Gagne (Pennsylvania ID No. 42009)
pgagne@kleinbard.com
KLEINBARD LLC
Three Logan Square
Philadelphia, PA 19103
Telephone:  (215) 523-5302

**CERTIFICATE OF SERVICE**

I, Robert C. Collins III, hereby certify that I caused a copy of the foregoing to be served on the parties listed below, via the Court's ECF system, on June 3, 2022.

Robert P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Telephone: (215) 351-0200
Email: bob.cocco@phillyconsumerlaw.com

Phillip Robinson
CONSUMER LAW CENTER LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
Telephone: (301) 448-1304
Email: phillip@marylandconsumer.com

*Attorneys for Plaintiffs*

Dated: June 3, 2022

/s/ *Robert C. Collins III*
Robert C. Collins III, One of the Attorneys for Carvana, LLC

Robert C. Collins III
Robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611