## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA JENNINGS and JOSEPH A. FURLONG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARVANA, LLC, <br><br> Defendant. | Case No. 5:21-cv-05400 <br><br> Hon. Edward G. Smith |

## BRIEF IN SUPPORT OF DEFENDANT CARVANA, LLC's
## MOTION TO STAY PROCEEDINGS

Defendant Carvana, LLC ("Carvana"), by and through its undersigned counsel, files this Brief in Support of its Motion to Stay Proceedings, and in support thereof, states as follows:

1.      On January 28, 2022, Carvana filed a motion to compel arbitration and to dismiss or stay all of Plaintiffs' claims.  *See* Dkt. 18.

2.      On September 30, 2022, the Court entered an opinion and order denying Carvana's motion to compel arbitration and to dismiss or stay.  The Court declined to enforce the parties' arbitration agreement because of Pennsylvania's "single-document rule" governing installment contracts; the Court also determined that the "single-document rule" was not preempted by the Federal Arbitration Act in this case.  The Court declined to dismiss Plaintiffs' case for failure to state a claim for breach of contract or violation of Pennsylvania's Unfair Trade Practice Consumer Protection Law.  *See* Dkts. 36, 37.

3.      On October 17, 2022, Carvana filed a timely notice of appeal from the Court's order and opinion.  *See* Dkt. 39.  The Federal Arbitration Act authorizes an interlocutory appeal of an order denying a motion to compel arbitration.  9 U.S.C. 16; *see Quilloin v. Tenet HealthSystem*

*Philadelphia, Inc.*, 673 F.3d 221, 227 (3d Cir. 2012) ("The Federal Arbitration Act ('FAA') clearly 'provides for interlocutory appeals from a District Court's refusal to compel arbitration" (citation omitted)).

4.     The Third Circuit recognizes that the filing of a notice of appeal from an order denying a motion to compel arbitration "automatically deprives the trial court of jurisdiction to proceed" in the underlying case. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007).  The notice of appeal thus "automatically stays proceedings in the district court." *Tae In Kim v. Dongbu Tour & Travel, Inc.*, 529 F. App'x 229, 233 (3d Cir. 2013).  That stay remains in effect "until such time as the appeal is fully litigated or determined to be frivolous or forfeited." *Ehleiter*, 482 F.3d at 215 n.6.

5.     Carvana's notice of appeal divested the Court of jurisdiction over this case and automatically stayed the proceedings.  As explained, Carvana filed a notice of appeal from this Court's order denying its motion to compel arbitration, and Carvana seeks to have all of Plaintiffs' claims submitted to individual arbitration.  This Court therefore lacks jurisdiction to proceed, and the case is automatically stayed until "the appeal is fully litigated or determined to be frivolous or forfeited." *Ehleiter*, 482 F.3d at 215 n.6.

6.     This appeal plainly is not frivolous.  "The standard for finding that an appeal under § 16(a) is frivolous is a high one." *Thompson v. Real Estate Mortg. Network*, 2019 WL 5079561, *2 (D. N.J. Oct. 10, 2019).  To fall within that narrow category, the appeal must be "wholly without merit" or lacking in "colorable support." *Id.* (citation omitted).  Here, Carvana has strong arguments in favor of arbitration.  As Carvana has explained, Plaintiffs expressly agreed to arbitrate their claims; Plaintiffs cannot avoid arbitration by pointing to Pennsylvania's single-document rule for installment contracts, because their case is premised on the parties' Retail

Purchase Agreement (RPA) and not any installment contract; and the Federal Arbitration Act would preempt application of the single-document rule to prevent arbitration in this case. Carvana recognizes that the Court disagreed with these and other contentions. But there can be no question that Carvana's arguments are reasonable ones. That is clear from the Court's decision to hold oral argument and issue a detailed written opinion, and it is clear from another court's decision granting a motion to compel arbitration in similar circumstances. *See Burden v. Carvana, LLC*, No. 20081110 (Pa. Ct. Com. Pl.), Dkts. 18-7, 18-8.

7. This appeal is not forfeited. Carvana filed a timely notice of appeal, well before the October 31, 2022 deadline. *See* Fed. R. Civ. P. 4(a)(1)(A).

8. Because the notice of appeal automatically stayed the proceedings, Carvana does not believe a separate order from this Court staying the case is necessary. Carvana is thus proceeding on the understanding that all pending deadlines are stayed pending resolution of the appeal. Nevertheless, for purpose of clarification, Carvana requests that this Court enter a formal order staying proceedings until resolution of this appeal. Other courts have granted stays in similar circumstances. *See, e.g.*, *Taylor v. CDS Advantage Sols.*, 2021 WL 4125722, *1-2 (D. N.J. Sept. 8, 2021); *Thompson*, 2019 WL 5079561, at *2; *Virtu KCG Holdings LLC v. Min Li*, 2018 WL 1627439, *1 (D. N.J. Apr. 3, 2018).

9. Carvana has conferred with counsel for Plaintiffs, who stated that they intend to oppose this motion.

10. For the reasons discussed above, Carvana respectfully requests that this Court enter an Order granting a stay pending resolution of the appeal.

Dated:  October 17, 2022    Respectfully submitted,

/s/ *Eric Leon*           

Eric Leon (New York Bar No. 2626562)
(Admitted *Pro Hac Vice*)
eric.leon@lw.com
Marc S. Werner (New York Bar No. 5301221)
(Admitted *Pro Hac Vice*)
marc.werner@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Robert C. Collins III (Illinois Bar No. 6304674)
(Admitted *Pro Hac Vice*)
robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Paul G. Gagne (Pennsylvania ID No. 42009)
pgagne@kleinbard.com
KLEINBARD LLC
Three Logan Square
Philadelphia, PA 19103
Telephone:  (215) 523-5302

*Counsel for Defendant Carvana, LLC*

## CERTIFICATE OF SERVICE

I, Eric Leon, hereby certify that I caused a copy of the foregoing to be served on the parties

listed below, via the Court's ECF system, on October 17, 2022.

Robert P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Telephone:  (215) 351-0200
Email:  bob.cocco@phillyconsumerlaw.com

Phillip Robinson
CONSUMER LAW CENTER LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
Telephone:  (301) 448-1304
Email:  phillip@marylandconsumer.com

*Counsel for Plaintiffs*

Dated:  October 17, 2022

/s/ *Eric Leon*

Eric Leon

eric.leon@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020

*Counsel for Defendant Carvana, LLC*