UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FURLONG., *individually & on behalf of all others similarly situated*, : : : : | |
| Plaintiffs, : | |
| v. : | Civil Action No. 5:21-cv-05400 |
| : | |
| CARVANA, LLC : | |
| : | |
| Defendant. : | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY PROCEEDINGS**

By their undersigned counsel, Plaintiff hereby opposes Defendant's Motion to Stay Proceedings ("Motion") and say as follows:

**I.     INTRODUCTION & PROCEDURAL HISTORY**

This action commenced November 5, 2021 in the state court. ECF. 1, Notice of Removal at ¶ 1. Defendant Carvana, LLC ("Defendant" or "Carvana") removed this action to this Court and sought to compel Plaintiffs Jennings and Furlong's claims to arbitration or to have them dismissed on January 28, 2022. ECF. 18. The Court denied Carvana's requested relief on September 30, 2022. ECF. 36-37. Relevant to the underlying basis of the Motion, the Court specifically found and recognized that,

- "The Federal Arbitration Act ("FAA") … provides no right to enforce an agreement to arbitrate that may not be enforced under neutral principles of state contract law." ECF. 36 at 1.

- The legal, enforceable contracts "executed between [Carvana] and the plaintiffs did not include an arbitration agreement nor did it incorporate the arbitration agreement by

reference." ECF. 36 at 2. So Carvana has no enforceable, legal right to compel arbitration because "[Pennsylvania law] treats arbitration agreements no differently than any other contractual provision. 12 Pa. C.S. § 6221. The MVSFA's requirement that all agreements be found in the RISC is a generally applicable contract defense and provides equal treatment to arbitration agreements." ECF. 36 at 12.

- Carvana's effort to dismiss Plaintiffs' claims was also denied by the Court which found both named plaintiffs "sufficiently allege[d] violations of both breach of contract and violations of the UTPCPL." ECF. 36 at 14.

Of import, just a few months ago the Supreme Court explained the FAA does not create special rights to make unenforceable arbitration agreements valid under laws like those at issue in this action. It explained:

> [T]he FAA's policy favoring arbitration does not authorize federal courts to invent special, arbitration-preferring procedural rules…Our frequent use of that phrase connotes something different. Th[e] policy, we have explained, is merely an acknowledgment of the FAA's commitment to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and to place such agreements upon the same footing as other contracts…Or in another formulation: The policy is to make arbitration agreements as enforceable as other contracts, but not more so. …Accordingly, a court must hold a party to its arbitration contract just as the court would to any other kind. But a court may not devise novel rules to favor arbitration over litigation…**If an ordinary procedural rule—whether of waiver or forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it**.

*Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022)(cleaned up)(emphasis added).

Following the Court's denial of Carvana's dual effort to (i) compel the Plaintiffs' claims

2

to arbitration without the right to do so and (ii) Carvana's effort to dismiss Plaintiffs' claims, the Court thereafter ordered Carvana to answer the Amended Complaint (ECF. 8) on or before October 21, 2022.  ECF. 37.[1]

On October 17, 2022, Carvana noted an interlocutory appeal of this Court's Memorandum Opinion and Order to the United States Court of Appeals for the Third Circuit. ECF. 30. That notice of appeal did not specify what exactly Carvana was appealing to the Third Circuit.  *Id.* Specifically, it is unclear from Carvana's notice whether it seeks to appeal the Court's denial of its motion to dismiss under Fed. R. Civ. P. 12(b)(6) or its effort to enforce an invalid contractual right to arbitration.  *Id.*  Simultaneously with the filing of the Notice of Appeal, Carvana also filed the Motion to Stay Proceedings at issue here. ECF 40.

Of course, Carvana has no right to appeal the Court's denial of its Fed. R. Civ. P. 12(b)(6) motion to dismiss without leave of the Court or the Third Circuit which it has not even sought. *Petro v. Bakely*, 353 F.2d 511, 512 (3d Cir. 1965)("While the granting of a motion to dismiss may be a final judgment, the denial of such a motion lacks the finality which is essential to support an immediate appeal").  Nor is it permitted to appeal the denial of its claimed right to arbitration under the FAA without a valid, enforceable written contract to base its claim.   9 U.S.C.A. § 2 (limiting arbitration agreements to be valid and enforceable only upon "such grounds as exist at

---

[1] Carvana has not filed any answer as ordered by the Court as of this filing and is in functional default.  However, given that Plaintiffs seek to represent a class of similar persons, Plaintiffs will not request an entry of default until their class certification motion is addressed first so that all proposed class members can be protected in this action. *See e.g. Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014)(discussing class certification issues when a defendant is in default).

law" which in this case does not apply since the purported agreement did not comply with Pennsylvania contract law for all contracts); *Morgan,* 142 S. Ct. at 1713 (recognizing contract defenses to arbitration agreements may make them unenforceable for any purpose). Congress did not under the FAA expand the limited rights to interlocutory appeals to include non-enforceable contractual claims like those advanced by Carvana which ignore the arbitration neutral requirements for retail installment sales contract under Pennsylvania law for all car dealers including Carvana. Rather, timely interlocutory appeals under the FAA of an order denying applications to compel arbitration are limited to actual enforceable, written agreements which are not before the Court in this action.

On October 20, 2022, Carvana filed a Motion to Extend Time to File Answer (ECF. 41) moving the Court to grant it until the time this Court has ruled on the Motion to Stay Proceedings. As of this date, Carvana has not answered the Amended Complaint, this Court has not granted Carvana's Motion for Extension, and the Court has not issued any Scheduling Order permitting discovery to commence. *See generally* Docket.

Meanwhile, it should be noted that while Carvana has sought to utilize its unenforceable and invalid arbitration agreements as a sword to delay these proceedings, its practice and custom to breach its contractual promises to its purchasers to provide timely registration and title to some of the vehicles it sells has continued in the near year since this action commenced and is ongoing. *See* Plaintiff's Appendix of Exhibits in Support of his Motion to Certify Two Classes at Apx. 16-280 (the sworn testimony of no less than 64 other individuals who support that the Plaintiff and the putative class members have been damaged as a result of the conduct and omissions of

Carvana in breach of its promises).[2]  Given that Carvana cannot seem to correct its practices and omissions based upon the sample of potential class members' experiences presented to the Court and numerous public enforcement actions against it, as well as the Plaintiffs' own experiences, the equities of staying these proceedings in this Court are also not favored.  Carvana's Stay Motion does not even carry its burden to say what it intends to do to protect the rights of the putative class members while it pursues its appeal to compel arbitration based on its invalid, and unenforceable arbitration agreement.[3]  Carvana's silence on this point speaks volumes about its true intentions—the same pattern complained of by the Plaintiffs nearly a year ago will continue and exponentially grow while it pursues its improper appeal and continue to harm putative class members across the country who will not be able to drive their vehicles to work, school, and for other daily needs in addition to experiencing the indignity of citation and arrest by law enforcement for driving vehicles titled in Carvana's name rather than their own.

For the reasons set forth below this Court should DENY Carvana's stay Motion and allow this case to proceed on its merits.

### II. ARGUMENT

#### A. The Interlocutory Appeal Right under the FAA is Limited to Enforceable, Written Agreements to Compel Arbitration

---

[2]     Simultaneously to this opposition being filed, Plaintiffs also are moving to certify two classes pursuant to Fed. R. Civ. P. 23 for the purpose servicing their duties as proposed representative to protect the rights of the putative class members who, like them, have been harmed by Carvana's consistent and seemingly uniform conduct with a large number of its customers which is ongoing.

[3]     *Evans v. Buchanan*, 435 F. Supp. 832, 841 (D. Del. 1977)(proponent must show not harm to the public interest will occur); *Clinton v. Jones*, 520 U.S. 681, 708 (1997)("The proponent of a stay bears the burden of establishing its need").

Nowhere in the FAA did Congress authorize a party like Carvana the right to stay proceedings against it based upon an unenforceable contract. Here more precisely, Carvana forfeited any claimed right to pursue arbitration or even obtain a stay of these proceedings by not including its arbitration provisions in the retail installment contracts as required by Pennsylvania law. ECF 36. *See also* 9 U.S.C.A. § 2; *Morgan,* 142 S. Ct. at 1713.

Therefore, by even its own authority, a stay of these proceedings is not justified since Carvana forfeited any claimed rights under the FAA by failing to enter into a binding and enforceable agreement with the Plaintiffs to do so in the first instance. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 at FN 6 (3d Cir. 2007)(collecting cases which explain a stay is not warranted when the claimed right to appeal under the FAA is either 'frivolous or forfeited'). Again, it's not even clear from its own notice of appeal what issues Carvana even seeks to appeal to the Third Circuit and it has not sought leave of this Court to pursue an interlocutory appeal not expressly authorized by Congress. 28 U.S.C. § 1292(b). So, on this additional basis, a stay of these proceedings is unjustified based on Carvana's inability to even specify what exactly it intends to appeal or not and the legal authority to do so.

In sum, while Carvana now has second thoughts about its form retail installment sales contracts entered into with the Plaintiffs, those second thoughts do not add terms and conditions neither incorporated into or stated in the agreements themselves and do not create new rights which it forfeited by not including them in the retail installment sales contracts in the first instance. In this regard the Motion should be DENIED.

### B. Carvana is not entitled to an automatic stay pending appeal under Circuit Court Authority.

The Supreme Court recently held that "a court may not devise novel rules to favor arbitration over litigation." *Morgan* 142 S. Ct. at 1713. Carvana now seeks exactly that, arguing that because the FAA creates the right to an interlocutory appeal of an order finding a dispute not to be arbitrable, Carvana should be entitled to an automatic stay of all district court proceedings while that interlocutory appeal on arbitrability is resolved. But the FAA does not provide for such an automatic stay. Simply put, Carvana has overstated the law and rule and its reliance on *Ehleiter*, 482 F.3d 207 and *Tae In Kim,* 529 F. App'x 229 (3rd Cir. 2013)[4] are misplaced. In addition, the Third Circuit in *Kim* stated that "the appeal will not stay the district court proceedings if it is 'frivolous or forfeited.'" (*quoting Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007). Here, Carvana's appeal is both frivolous and forfeited.

Courts have expressed concern over potential exploitation of a categorical divestiture rule of the type argued by Carvana herein in that it "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990). To combat this, Circuit Courts are unanimous that either the court of appeals *or the district court* may declare that the appeal is frivolous, and if it is then the district court may carry on with the case (emphasis added). *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)(citing *Apostol v. Gallion,* 870 F.2d

---

[4] It should be noted that the stay in *Kim* was granted pursuant to Fed. R. App. 8 and not under any provision contained in the FAA and thus the language cited to by Defendant in its Brief is *dicta*. 529 F. App'x at 233 n3.

7

1335, 1339 (7th Cir.1989), and *Goshtasby v. University of Illinois,* 123 F.3d 427, 428 (7th Cir.1997)). *See also Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263-66 (4th Cir. 2011); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160-62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-53 (11th Cir. 2004) (*per curiam*).

This Court's comprehensive opinion (ECF. 36) held that "Pennsylvania has a single-document rule applicable to the installment sales of motor vehicles that requires all agreements between buyers and sellers must be found in one document, the retail installment sales contract" and that Carvana had inexplicably failed to incorporate either the arbitration agreement or the RPA into the RISC thus rendering the arbitration provision unenforceable under state law. Memorandum Opinion at 1.  In other words, because the retail installment sales contracts ("RISC") contained an integration clause (which reads "**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us")[5] and "the plain language of the MVSFA causes a RISC to subsume all other agreements relating to the installment purchase of a vehicle".  Since the purported arbitration agreement is invalid and unenforceable under state law, the appeal is therefore frivolous.  Carvana is ignoring by its ill-advised efforts that,

> the FAA "creates substantive federal law regarding the enforceability of arbitration agreements, requiring courts to place such agreements upon the same footing as other contracts," Arthur Andersen, 556 U.S. at 630, 129 S.Ct. 1896 (internal quotation marks and citation omitted), it does not "*alter background principles of state contract law regarding the scope of agreements*," *id.*

---

5   Mem. Opinion at 6.

*O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 766 (3d Cir. 2021)(emphasis added).

Additionally, this Court essentially found that the arbitration agreement was forfeited as it was <u>not</u> incorporated into the retail installment sales contract ("RISC") as discussed *infra*. So based upon Carvana's own cited authorities it is not entitled to any stay of these proceedings.

**C. The continuation of the case on its merits will not harm Carvana but a stay will detrimentally harm the putative class members**

As set forth in the well plead facts of the Amended Complaint (ECF. 8) the Plaintiffs and putative class members have suffered losses of time and monies at best and arrest/incarceration or loss of the vehicle they purchased at worst. *See, e.g.,* AC at ¶¶ 40-49, 92-96. Further, Plaintiffs and their counsel continue to hear from hundreds of Carvana customers throughout the Commonwealth and dozens of other states that the issues experienced by the Plaintiffs as a result of Carvana's broken promises has continued during the pendency of this litigation. *See* Plaintiff's Appendix of Exhibits in Support of his Motion to Certify Two Classes at Apx. 16-280 (the sworn testimony of no less than 64 other individuals who support that the Plaintiffs have been damaged as a result of the conduct and omissions of Carvana in breach of its promises). In addition, multiple states have identified the volume of problems of customers across the Country as well. *Id.* at Apx. 281-315 (detailing hundreds of Carvana customers across the country who have sustained the same problems Carvana imposed upon the Plaintiffs by its broken promises).

The ongoing problems created by Carvana as a result of its broken promises also continue to be subject to various public enforcement actions and investigations. *See e.g.* Plaintiff's Appendix of Exhibits in Support of his Motion to Certify Two Classes at Apx. 281-315. In

9

addition, scores of putative class members report other issues as a direct and proximate result of Carvana's conduct and omissions. *Id.* at Apx. 16-280 (detailing arrests, jailing, credit issues, repossessions, lost work, citations, etc.). Yet, nowhere in its Motion does Carvana attempt to meet its burden to the Court to demonstrate any stay will not cause irrevocable harm to the greater public and putative class members by its unfair and deceptive conduct and omissions with material numbers of its customers (based on what has occurred those far while its motion was pending before the Court through September). *Compare, Harris v. Pernsley*, 654 F. Supp. 1057, 1064 (E.D. Pa. 1987)("Irreparable injury will be caused to the plaintiff class by granting a stay pending appeal because class members would be forced to continue in confinement under conditions less humane than those obtained if settlement is implemented in accordance with the agreement with the City defendants").

In this situation, "[i]rreparable harm 'refer[s] to 'harm that cannot be prevented or fully rectified' by a successful appeal." *Id.* at 568 (quoting *Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 386 (7th Cir. 1984))." *David v. Weinstein Co. Holdings, LLC*, No. CV 21-171 (MN), 2021 WL 979603, at *7 (D. Del. Mar. 16, 2021). Simply put, Carvana fails to attempt to explain how the putative class members will not suffer irreparable harm by staying their claims in this action while it pursues its forfeited rights before the Third Circuit. Nor can it make such a showing since no reasonable person intends to purchase a vehicle in which it cannot timely obtain permanent registration and title to drive the vehicle to work, school, or other daily functions.

It is true that it has long been held that "an injury measured in solely monetary terms cannot constitute irreparable harm." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d

10

553, 557 (3d Cir. 2009).  However, "evidence of a non-monetary injury" such as the ability of some of Carvana's customers to drive the vehicles sold to them by Carvana throughout the country to work to earn a paycheck, travel to school to pick-up kids, or even avoid the inquisition of law enforcement for driving a vehicle lawfully purchased would amount to irreparable harm that favors denying Carvana any stay of these proceedings.  *See* Plaintiff's Appendix of Exhibits in Support of their Motion to Certify Two Classes at Apx. 16-280 (the sworn testimony of no less than 64 other individuals who that the Plaintiffs have been damaged as a result of the conduct and omissions of Carvana in breach of its promises).  *Compare Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011), <u>as amended</u> (Mar. 7, 2012)(recognizing an exception concerning irreparable harms based on economic loss exists where the loss is so great it threatens other material consequences as well).

    By granting a stay, this Court would be allowing Defendant more time to continue its broken promises to the detriment of the Plaintiffs and the putative class members.  Carvana's conduct and omissions at stake in this case has continued while the Court has considered its initial responses to it.  *See* Plaintiff's Appendix of Exhibits in Support of their Motion to Certify Two Classes at Apx. 68. Its Motion and failure to timely answer the Amended Complaint essentially seeks leave for it to continue to break its promises with some members of the putative classes that the Plaintiffs seek to represent and also pause discovery for months while it pursues its frivolous basis and forfeited right to pursue an interlocutory appeal which is not authorized under the law or facts presented.  The case law in which stays are denied, like the one at bar, are often so premature that formal discovery has not even begun.  Here, as stated, the Defendant has yet to

11

answer the Amended Complaint, the parties have not exchanged initial discovery disclosures or served any discovery, and the Court has not entered a case management schedule. Further, Plaintiffs have gathered material, informal evidence to show Carvana's uniform and consistent practices across the country and it continues further the delays that have already occurred.

Even if discovery commences, Carvana will suffer minimal harms (if any) through participation in discovery. In the discretionary stay context, it is black-letter law that litigation expenses, even those with "substantial and unrecoupable cost," "do[] not constitute irreparable injury." *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (internal quotation marks omitted); see also *PaineWebber Inc. v. Farnam*, 843 F.2d 1050, 1051 (7th Cir. 1988) ("ordinary incidents" of "litigating (or arbitrating) a case" cannot constitute irreparable injury).[6] Participating in discovery, especially when some of that discovery will be useful whether or not the case ends up in arbitration, is not a "harm" sufficient to justify the imposition of a blanket stay of proceedings. Because the practical effect of allowing this case to continue on the merits while the interlocutory appeal is pending is *de minimis*, the Court should deny the Defendant's Motion to Stay Proceedings.

The Plaintiffs and putative class members have suffered enough harm and delays already (before and during this litigation) and the imposition of a stay will only exacerbate matters.

## CONCLUSION

---

[6] This principle has been specifically recognized in the discovery context, too. A "requirement to produce documents" is not generally "the type of injury that is irreparable." *In re Platinum Partners Value Arbitrage Fund L.P.*, No. 18-cv-5176, 2018 WL 3207119, at *6 (S.D.N.Y. June 29, 2018).

For the above stated reasons Carvana's motion should be DENIED and this case should proceed along the usual course on its merits.

[signatures on next page]

13

| | |
|---|---|
| Dated: October 31, 2022 | /s/Robert P. Cocco </br>Robert P. Cocco </br>ROBERT P. COCCO, P.C. </br>Pa. Id. No. 61907 </br>1500 Walnut Street, Suite 900 </br>Philadelphia, PA 19102 </br>(215) 351-0200 </br>bob.cocco@phillyconsumerlaw.com </br></br>/s/ Phillip R. Robinson </br>Phillip R. Robinson </br>*Admitted Pro Hac Vice* </br>Consumer Law Center LLC </br>10125 Colesville Road, Suite 378 </br>Silver Spring, MD 20901 </br>(301) 448-1304 </br>phillip@marylandconsumer.com </br></br>/s/ Brent S. Snyder </br>Brent S. Snyder </br>*Admitted Pro Hac Vice* </br>2125 Middlebrook Pike </br>Knoxville, TN 37921. </br>Phone: (865) 264-3328 </br>brentsnyder77@gmail.com </br></br>*Counsel for the Plaintiffs and Putative Class Members* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document was served on Defendant's counsel when filed through the CM/ECF system.

/s/Robert P. Cocco
Robert P. Cocco