IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANA JENNINGS and JOSEPH A.     :
FURLONG, Individually and on Behalf of   :
All Others Similarly Situated,       :
                                    :
                   Plaintiffs,    :           CIVIL ACTION NO. 21-5400
                                      :
      v.                               :
                                      :
CARVANA LLC,                  :
                                      :
               Defendant.    :

## MEMORANDUM OPINION

Smith, J.                                          November 2, 2022

        This court previously denied the defendant's motion to compel arbitration and, in the alternative, dismiss the case for the failure to state a claim. The defendant has appealed from this decision to the Third Circuit Court of Appeals pursuant to section 16(a) of the Federal Arbitration Act, and the defendant now seeks a stay of these proceedings while the Court of Appeals addresses the arbitration issue. The plaintiffs oppose the motion by generally claiming that a stay is not warranted insofar as (1) any appeal is either forfeited or frivolous and (2) they will be irreparably harmed by the court staying this case.

        As explained further below, the law in the Third Circuit is that an appeal from an order denying a motion to compel arbitration automatically divests a district court of jurisdiction to continue with the case unless the appeal is forfeited or frivolous. Here, although this court decided against the defendant on its motion to compel arbitration and motion to dismiss, the court does not find that this results in finding that the appeal is forfeited or frivolous. Accordingly, the court will grant the motion to stay.

I.       SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

This court previously set forth the relevant allegations and procedural history as follows:

The plaintiffs, Dana Jennings ("Jennings") and Joseph A. Furlong ("Furlong"), who are both Pennsylvania citizens, commenced this consumer protection action by filing a putative class action complaint against the defendant, Carvana LLC ("Carvana"), in the Court of Common Pleas of Philadelphia County on November 5, 2021. Doc. No. 1, Ex. 1. On December 9, 2021, Carvana removed the matter to this court under 28 U.S.C. §§ 1441, 1453, invoking federal jurisdiction under the general diversity statute, 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d). *See* Notice of Removal at ECF p. 3, Doc. No. 1. Prior to Carvana filing a response to the complaint, the plaintiffs filed an amended complaint on January 13, 2022. Doc. No. 8.

In the amended complaint, the plaintiffs allege they each purchased a vehicle online from Carvana, a national used car dealer incorporated in Georgia. Am. Compl. at ¶¶ 3, 12, 24, Doc. No. 8. As part of the transaction, they both agreed to pay, and did pay, *inter alia*, a $38 state registration fee, $16 license plate fee, and $55 state title fee. *Id.* at ¶¶ 12, 24, 36–37. Despite paying these fees, the plaintiffs claim that Carvana "failed to complete" the permanent registration of their vehicles. *Id.* at ¶¶ 36–37. Instead, Carvana provided them with temporary license tags "without the legal right or authorization to do so." *Id.* at ¶¶ 17, 29.

Specifically, Carvana gave Jennings six temporary license tags: two from the Arizona Department of Transportation, two from the Tennessee Department of Revenue, and one from the Commonwealth of Pennsylvania. *Id.* at ¶ 17. Neither Arizona nor Tennessee had authorized Carvana to issue these temporary registrations. *Id.* at ¶ 19. Jennings allegedly relied upon Carvana's promise to properly register the vehicle in Pennsylvania, as her "trade-in of the prior vehicle and her payments on the purchased vehicle" demonstrate. *Id.* at ¶ 20. As of the amended complaint's filing, however, Carvana still had not provided Jennings with a permanent registration. *Id.* at ¶ 21.

As to Furlong, Carvana first provided him with an Arizona temporary license tag. *Id.* at ¶ 27. When that tag expired, Carvana sent him a Tennessee temporary tag. *Id.* at ¶ 29. Furlong, like Jennings, relied upon Carvana's promise to properly register the vehicle in Pennsylvania. *Id.* at ¶ 30. Unlike its experience with Jennings, Carvana eventually provided Furlong with permanent registration in December 2021, approximately six months after he purchased his vehicle. *Id.* at ¶ 31.

Both plaintiffs allege actual damages amounting to $93 (including the $38 state registration fee, $16 license plate fee, and $55 state title fee)[1] "for licensing and registration for the vehicle[s] which [Carvana] failed to complete." *Id.* at ¶¶

---

[1] The plaintiffs' claims for actual damages is inconsistent with the amounts they paid, as those amounts total $99.

> 36–37. They set forth claims for breach of contract and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1–10 ("UTPCPL"). *Id.* at ¶¶ 190–208. The plaintiffs seek to represent a class of individuals defined as:
>
>> All persons in the United States east of the Mississippi River who entered into contracts with CARVANA to purchase vehicles since November 5, 2019, and CARVANA agreed to provide car registration services with non-temporary and permanent vehicle registrations in the state of their residence.
>
> *Id.* at ¶ 169(a). They also seek to represent a subclass of "[a]ll persons from the Commonwealth of Pennsylvania who are members of the Nationwide Class." *Id.* at ¶ 169(b).[2]
>
> In response to the amended complaint, Carvana filed [a] motion to compel arbitration and to dismiss on January 28, 2022. Doc. No. 18. The plaintiffs filed a response in opposition to the motion on February 18, 2022. Doc. No. 22. Carvana filed a reply brief on March 11, 2022. Doc. No. 24. Shortly thereafter, on March 23, 2022, the plaintiffs filed a sur-reply. Doc. No. 27. On June 1, 2022, the plaintiffs provided notice of supplemental authority, Doc. No. 31, to which Carvana responded on June 3, 2022. Doc. No. 32. The court heard oral argument on the motion on June 7, 2022. Doc. Nos. 33, 34.

Sept. 30, 2022 Mem. Op. at 3–5, Doc. No. 36 (footnotes in original).

On September 30, 2022, the court entered a memorandum opinion and order which denied Carvana's motion to compel arbitration and, alternatively, to dismiss. Doc. Nos. 36, 37. In the order accompanying the memorandum opinion, the court directed Carvana to file an answer to the amended complaint by October 21, 2022. *See* Sept. 30, 2022 Order at 1, Doc. No. 37.

Carvana timely filed a notice of appeal from the memorandum opinion and order on October 17, 2022, to the Third Circuit Court of Appeals. Doc. No. 40. In conjunction with the filing of the notice of appeal, Carvana also filed a motion to stay these proceeding pending the outcome of its appeal. Doc. No. 41. On October 20, 2022, Carvana a motion for an extension of time to file its answer to the amended complaint. Doc. No. 42.

---

[2] The issue of class certification is not yet before this court.

The plaintiffs filed a response in opposition to the motion stay on October 31, 2022. Doc. No. 45. On the same date, the plaintiffs filed a motion to certify the class under Rule 23 of the Federal Rules of Civil Procedure, appoint them as class representatives, and appoint class counsel. Doc. No. 46.

As Carvana's motion to stay is fully briefed, it is ripe for resolution.

## II.   DISCUSSION

Under the Federal Arbitration Act ("FAA"), a party may take an appeal from, *inter alia*, "an order . . . refusing a stay of any action under [9 U.S.C. § 3 or] denying a petition under [9 U.S.C. § 4 to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(A), (B); *see also Griswold v. Coventry First LLC*, 762 F.3d 264, 269 (3d Cir. 2014) ("We have appellate jurisdiction over the District Court's denial of defendants' motion to compel arbitration pursuant to 28 U.S.C. § 1291 and the Federal Arbitration Act . . ., which provides that '[a]n appeal may be taken' from an order denying a petition to compel arbitration." (quoting 9 U.S.C. § 16(a)(1)(B))); *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 227 (3d Cir. 2012) ("The [FAA] clearly provides for interlocutory appeals from a District Court's refusal to compel arbitration regardless of whether the appeal is from a final decision." (citation and internal quotation marks omitted)). Once the notice of appeal is filed, the Third Circuit Court of Appeals follows the majority of circuit courts in determining that "the filing of an interlocutory appeal pursuant to Section 16(a) of the FAA automatically deprives the trial court of jurisdiction to proceed until such time as the appeal is fully litigated or determined to be frivolous or forfeited." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) (citations omitted); *see Tae In Kim v. Dongbu Tour & Travel, Inc.*, 529 F. App'x 229, 233 (3d Cir. 2013) ("[O]rdinarily an appeal from an order denying a motion for arbitration divests a district court of jurisdiction over the action that a party seeks to have submitted

4

to arbitration, and thus the appeal automatically stays proceedings in the district court. But the appeal will not stay the district court proceedings if it is 'frivolous or forfeited.'" (citing and quoting *Ehleiter*, 482 F.3d at 215 n.6)); *see also Ballou v. Asset Mktg. Servs., LLC*, Case Nos. 21-cv-694 (SRN/ECW), 21-cv-1237 (SRN/ECW), 2022 WL 807606, at *1 (D. Minn. Mar. 17, 2022) (explaining that circuit split on issue of whether appeal under section 16 of FAA divests district court of jurisdiction over underlying claims consists of Third, Fourth, Seventh, Tenth, and Eleventh Circuits holding that "an appeal under Section 16 of the [FAA] divests the district court of jurisdiction to proceed with the case and requires issuance of a stay" and Second, Fifth, and Ninth Circuits holding that "an appeal only divests the district court of jurisdiction on the issue of arbitrability, which is distinct from the merits" (citations omitted)). The Third Circuit has adopted the majority view because

> the FAA's strong policy favoring arbitration will still be best served, at least in cases where the appeal is not frivolous or forfeited, by allowing the party to obtain a definitive ruling on the denial of its Section 3 motion by way of interlocutory appeal to this Court, rather than requiring it to continue litigating the case to final judgment before obtaining a full round of appellate review on the waiver issue.

*Ehleiter*, 482 F.2d at 214–15.

As shown above, the only grounds upon which the court may deny Carvana's motion to stay is if the court determines that the appeal is forfeited or frivolous. *See id.* at 214. Concerning whether the appeal is forfeited, the defendant points out that its appeal is not forfeited insofar as it timely filed a notice of appeal. *See* Br. in Supp. of Def. Carvana, LLC's Mot. to Stay Proceedings ("Def.'s Br.") at ¶ 7, Doc. No. 40-1. The plaintiffs, on the other hand, contend that the defendant "forfeited any claimed right to pursue arbitration or even obtain a stay of these proceedings by not including its arbitration provisions in the retail installment contracts as required by Pennsylvania law." Pls.' Opp'n to Def.'s Mot. to Stay Proceedings ("Pls.' Opp'n") at 6, Doc. No. 45 (citations

omitted); *see id.* ("Therefore, by even its own authority, a stay of these proceedings is not justified since Carvana forfeited any claimed rights under the FAA by failing to enter into a binding and enforceable agreement with the Plaintiffs to do so in the first instance.").[3]

The court declines to adopt what would be an exceedingly narrow view of forfeiting an appeal. At this point in time, Carvana has timely filed a notice of appeal, *see* Fed. R. App. P. 4(a)(1) (establishing time for filing notice of appeal), and this court does not know the arguments Carvana will make to the Third Circuit. There also is no evidence that Carvana gave up its right to file an appeal under section 16 of the FAA or to assert any arguments on appeal. *See, e.g.*, *Dockery v. Heretick*, No. 21-2753, 2022 WL 14810015, at *3 (3d Cir. Oct. 26, 2022) (concluding that appellant "forfeited any argument as to predominance and superiority [relating to motion for class certification] by failing to brief the issue before this Court"); *Doe v. Ritz Carlton Hotel Co., LLC*, 666 F. App'x 180, 184 (3d Cir. 2016) ("Because Appellants failed to develop this constitutional argument before the District Court, we deem this argument forfeited" (citations omitted)). Accordingly, the court does not find that the appeal is forfeited.[4]

---

[3] While unclear, it also appears that the plaintiffs argue that Carvana has somehow forfeited its right to appeal from this court's decision because it did not "specify what exactly it intends to appeal or not and the legal authority to do so." Pls.' Opp'n at 6. This argument is meritless. Per Rule 3 of the Federal Rules of Appellate Procedure, the appellant need only (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice," (2) "designate the judgment--or the appealable order--from which the appeal is taken[,]" and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(A)–(C). Also, while an appellant "**may** designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited," Fed. R. App. P. 3(c)(6), it is not required to do so.

    Here, the notice of appeal includes all the information required by Rule 3(c)(1). *See* Doc. No. 39. As such, there is nothing about the notice of appeal from which this court could draw the conclusion that Carvana forfeited any aspect of an appeal.

[4] The court also notes that the plaintiffs' argument that the interlocutory appeal right under section 16 of the FAA is somehow limited to enforceable written agreements to compel arbitration, *see* Pls.' Opp'n at 5, would eviscerate the purpose of section 16. As explained in the court's prior memorandum opinion, before the court may compel a party to arbitrate pursuant to the FAA, the court "must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, Subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 523 (3d Cir. 2009) (citations omitted). If the court were to adopt the plaintiffs' argument, a party aggrieved by a district court's decision denying a request to compel arbitration (or to stay a case pending arbitration) would not be able to appeal under section 16 of the FAA. The only appeals would be those arising from a decision concluding that the dispute did fall within

The court now addresses whether Carvana's appeal is frivolous. To determine whether an appeal is frivolous, the court must "apply an objective standard." *Quiroga v. Hasbro, Inc.*, 943 F.2d 346, 347 (3d Cir. 1991) (citing *Hilmon Co. v. Hyatt Int'l*, 899 F.2d 250, 253 (3d Cir. 1990)); *see Hilmon Co.*, 899 F.2d at 253 (explaining that objective standard "focuses on the merits of the appeal regardless of good or bad faith." (quoting *Sun Ship, Inc. v. Matson*, 785 F.2d 59, 64 (3d Cir. 1986))). "An appeal is frivolous if it is wholly without merit." *Id.* (citing *Sauers v. Comm'r of Internal Revenue*, 771 F.2d 64, 70 n.9 (3d Cir. 1985), *cert. denied* 476 U.S. 1162 (1986)). "The test is whether, following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude that the appeal is frivolous." *Hilmon Co.*, 899 F.2d at 254. In addition, in the context of appeals under section 16(a)(1) of the FAA, the Third Circuit has concluded that

> Section 16(a)(1)(B) confers appellate jurisdiction to review a denial of a petition for an order compelling arbitration that alleges a prima facie case of entitlement thereto under Section 4 of the FAA and, by analogy, indicate that Section 16(a)(1)(A) confers such jurisdiction to review the denial of a motion alleging prima facie entitlement to a stay under Section 3.

*Ehleiter*, 482 F.3d at 212 (citing *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99 (3d Cir. 2000) and *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187 (3d Cir. 2001)); *see also Devon Robotics, LLC v. DeViedma*, 798 F.3d 136, 141 n.4 (3d Cir. 2015) ("[A] party must allege a prima facie case of entitlement to arbitration in order to obtain interlocutory review under § 16(a) of the FAA." (citations and internal quotation marks omitted)).

Regarding the frivolousness of the appeal, Carvana argues that its appeal is not frivolous because it

> has strong arguments in favor of arbitration. As Carvana has explained, Plaintiffs expressly agreed to arbitrate their claims; Plaintiffs cannot avoid arbitration by

---

the scope of the arbitration provision. There is no indication in the language of section 16 that Congress intended it to be so limited.

pointing to Pennsylvania's single-document rule for installment contracts, because their case is premised on the parties' Retail Purchase Agreement (RPA) and not any installment contract; and the [FAA] would preempt application of the single-document rule to prevent arbitration in this case. Carvana recognizes that the Court disagreed with these and other contentions. But there can be no question that Carvana's arguments are reasonable ones. That is clear from the Court's decision to hold oral argument and issue a detailed written opinion, and it is clear from another court's decision granting a motion to compel arbitration in similar circumstances. *See Burden v. Carvana, LLC*, NO. 20081110 (Pa. Ct. Com. Pl.), Dkts. 18-7, 18-8.

Def.'s Br. at 2–3.

The plaintiffs contend that the appeal is frivolous because this court ultimately concluded that "the purported arbitration agreement is invalid and unenforceable under [Pennsylvania law]" insofar as Carvana had failed to incorporate either the arbitration agreement or the RPA into the installment contract as required by Pennsylvania single-document rule. Pls.' Opp'n at 8. The plaintiffs also appear to argue that the frivolousness of the appeal is demonstrated by Carvana's unsuccessful argument that the FAA would preempt Pennsylvania's single-document rule because Carvana ignored the Third Circuit guidance that the FAA "does not *alter background principles of state contract law regarding the scope of agreements*." *Id.* (quoting *O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 766 (3d Cir. 2021)). The plaintiffs further argue that this appeal is part of Carvana's overall effort to delay these proceedings. *See id.* at 4.

Despite the plaintiffs' arguments to the contrary, the court does not find the instant appeal to be frivolous. While it is true that the court rejected Carvana's arguments in support of its motion to compel arbitration, the court's decision does not compel the conclusion that Carvana's appeal is wholly without merit or that a reasonable attorney would conclude that the appeal is frivolous. Carvana focused its motion on the RPAs, which contained, *inter alia*, referenced and incorporated an arbitration agreement, which each plaintiff signed. *See* Sept. 30, 2022 Mem. Op. at 6–7 (describing RPAs). This differentiates this case from other federal cases in this state where courts

8

have denied a motion to stay while an arbitrability dispute was litigated on appeal. *See Bucher v. Am. Health and Life Ins. Co.*, Civ. A. No. 14-659, 2014 WL 5464857, at *1, 3 (W.D. Pa. Oct. 28, 2014) (denying motion to stay pending resolution of appeal after finding appeal frivolous insofar as "there [was] no evidence *that* Plaintiff agreed to arbitrate a dispute arising out of [a mortgage and life insurance policy] in the documents that accompanied this loan"); *Kirleis v. Dickie, McCamey & Chicolte*, Civ. A. No. 06-1495, 2007 WL 3023950, at *3 (W.D. Pa. Oct. 12, 2007) (denying motion to stay pending resolution of appeal after finding appeal frivolous insofar as moving "defendant . . . failed to present any evidence to refute plaintiff's sworn affidavit testimony that she, in fact, did not receive the By-Laws or was not otherwise informed of the arbitration provision contained therein"). "In addition, the RPAs, and not the installment contracts (referenced by the parties and the court as "RISCs") itemized the fees forming the basis of the plaintiffs' alleged damages: state registration fees, license plate fees, and state title fees. *See* Sept. 30, 2022 Mem. Op. at 7. At bottom, while it is possible that Carvana's appeal will be unsuccessful, "[t]he standard [for frivolousness] is not whether the appeal will ultimately succeed." *Thompson v. Real Estate Mortg. Network*, Civ. No. 11-1494 (KM), 2019 WL 5079561, at *2 (D.N.J. Oct. 10, 2019) (citation omitted). Therefore, the court does not find Carvana's appeal to be frivolous and will grant its motion to stay.[5] *See Hilmon Co.*, 899 F.2d at 253 (explaining that Third Circuit has been

---

[5] In their opposition brief, the plaintiffs also argue that the court should deny the motion to stay because Carvana will not be harmed by continuing to have to litigate the case on its merits, whereas the putative class members will be harmed by the delay. *See* Pls.' Opp'n at 9–12. In support of this argument, the plaintiffs focus on at least one case where a court declined to stay an action pending an appeal due to the irreparable harm that the putative class would suffer. *See id.* at 10 (citing *Harris v. Pernsley*, 654 F. Supp. 1057, 1064 (E.D. Pa. 1987)). The plaintiffs also use this case in support of their position that Carvana has a burden to justify its request for a stay and that Carvana has wholly failed to satisfy this burden. *See id.*

There are multiple issues with the plaintiffs' argument. The first issue is that the Third Circuit has explained that district courts are automatically divested of jurisdiction upon the filing of a notice of appeal under section 16(a) of the FAA unless the appeal is forfeited or frivolous. *See Ehleiter*, 482 F.3d at 215 n.6. Thus, there is no room for consideration of the impact the inability to proceed with the merits of the case will have on the plaintiffs, and it is arguable that the appealing party does not even need to seek a stay in the district court.

reluctant to classify appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has colorable support under existing law or reasonable extensions thereof will not be deterred"). "This decision best comports with the goals of promoting efficient dispute resolution and avoiding inconsistent handling of a case." *Guidotti v. Legal Helpers Debt Resolution*, Civ. No. 11-1219 (JBS/AMD), 2012 WL 3262461, at *3 (D.N.J. Aug. 7, 2012) (citation omitted).

### III.   CONCLUSION

For the reasons set forth above, the court finds that Carvana's appeal is not forfeited or frivolous and, as such, Carvana's notice of appeal automatically divested the court of jurisdiction to proceeding further in this case. Accordingly, the court will grant Carvana's motion to stay and will stay these proceedings pending the outcome of the appeal. The court will also deny the other currently pending motions without prejudice to the parties to reassert them if the Third Circuit upholds this court's decision.

---

The second issue is that while it is possible that Carvana will suffer minimal harm by having to participate in discovery, the plaintiffs do not discuss concerns with losses from duplication. In this regard,

> [t]he worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.

*Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (Easterbrook, J.).

The final issue is that, to the extent that the plaintiffs are concerned with the appeal (and request for a stay being part of Carvana's delay litigation tactics, they have an avenue to pursue this concern. Namely, the plaintiffs "may ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily." *Id.* (citations omitted). Furthermore, although "[t]he [c]ourt is mindful that [the p]laintiffs and the public have an interest in the efficient resolution of this case, and that the ongoing dispute over arbitrability [will seemingly] delay[] class notice. [Nonetheless,] the [c]ourt sees no reason to doubt that the Court of Appeals will handle [the] appeal expeditiously." *H&T Fair Hills, Ltd. v. Alliance Pipeline L.P.*, Case No. 19-cv-1095 (JNE/BRT), 2022 WL 4465047, at *5 (D. Minn. July 8, 2022).

The court will enter a separate order.

BY THE COURT:


_/s/ Edward G. Smith_____
EDWARD G. SMITH, J.