**Ballard Spahr**
LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Daniel JT McKenna
Tel: 215.864.8321
Fax: 215.864.8999
mckennad@ballardspahr.com

September 11, 2024

*By Electronic Filing*

Hon. Mia R. Perez
United States District Court for the Eastern District of
Pennsylvania

Re: *Jennings, et al. v. Carvana LLC, No. 21-5400 // Harvin, et al. v. Carvana LLC, et al.,
No. 23-2068*

Your Honor:

My firm represents all defendants in both above-captioned matters. As you will recall, the
*Harvin* matter was pending on your docket for some time before it was consolidated with the
*Jennings* matter and reassigned to Judge Schmehl on July 12, after which both matters were
reassigned to you on August 22. In coordination with Plaintiffs' counsel, we write on behalf
of all parties in advance of the status conference set for September 12, 2024 to briefly
address certain issues on which the parties expect to seek the Court's guidance.

### Scope of Discovery and Pending Motion to Compel Arbitration

A key threshold issue in these cases is the geographic scope of the putative classes.
Plaintiffs have pleaded them as national in scope, whereas Defendants contend that the
classes—if they are certifiable at all, which Defendants dispute—should be limited to
Pennsylvania only.

The basis for Defendants' position is that every named Plaintiff and every putative class
member signed an arbitration agreement as part of the vehicle purchases underlying the
claims in both actions. Defendants' motion to compel the Pennsylvania-resident Plaintiffs in
*Jennings* to arbitrate was denied exclusively on the basis of Pennsylvania's unique "single-
document rule," which applies only to Pennsylvania residents. *See Jennings* ECF No. 36.
Putative class members in every other jurisdiction are not subject to a similar rule, and thus
*would* be compelled to arbitrate their claims. To vindicate that position at the earliest
possible opportunity, Defendants moved to compel arbitration of the only non-Pennsylvania-
resident Plaintiffs (Joseph Riedel and Dashawn Thorne in the *Harvin* action, both of whom
reside in Maryland) in May 2024. *See Harvin* ECF No. 96. That motion remains pending as
a result of the matter's reassignment.

Hon. Mia R. Perez
September 11, 2024
Page 2

The outcome of that motion will significantly impact the scope of discovery. On July 11, Judge Schmehl entered a scheduling order in *Jennings* that presumptively also covers *Harvin* since the matters were thereafter consolidated. *See* ECF No. 72. Among other things, that order set a January 15, 2025 deadline for close of fact discovery. Defendants contend that engaging in nationwide discovery is disproportionate to the needs of the case (which, if Defendants are correct, will ultimately involve only Pennsylvania residents) and unduly burdensome (because it will be unnecessarily expensive and time-consuming). Engaging in nationwide discovery could also be perceived as a waiver of Defendants' right to later move to compel arbitration on non-Pennsylvania residents.

While the parties have attempted to work together, this dispute actualized – and time-sensitive – when, in mid-August, Plaintiffs served seven non-party subpoenas on state attorneys general and departments of motor vehicles across the country. Defendants objected on the grounds that (1) these subpoenas are an improper attempt by Plaintiffs to pursue discovery that would be precluded by the Federal Arbitration Act on behalf of non-Pennsylvania residents who are required to arbitrate their claims, and (2) the requests improperly seek to identify other potential plaintiffs and putative class members. On August 20, Defendants sought a conference with Judge Schmehl pursuant to His Honor's policies, and on August 27, after the reassignment, sought the instant conference with Your Honor.

Defendants submit that the most fair and efficient way to resolve these related issues is simple: briefly stay discovery until the pending motion to compel arbitration is resolved. If that motion is granted, Defendants will petition this Court (if Plaintiffs will not stipulate) to limit discovery to Pennsylvania residents only. Discovery can then be completed expeditiously on whatever schedule the Court deems appropriate at that time. If a stay is not granted, Defendants request the subpoenas be quashed or withdrawn and re-served if appropriate after a decision on the motion to compel arbitration.

Plaintiffs submit that the discovery is directed to third parties- namely state regulators that oversaw the business activities of defendants with respect to titling and registration of vehicles sold. The discovery sought includes the results of any government investigations of the Defendants and any consumer complaints against Defendants relevant to titling and registration. It is the Plaintiffs' position that the discovery is relevant and probative- even if the Court excludes non-Pennsylvania residents- as it will show pattern and practice evidence of non-compliance with state titling and license requirements. Further, based on Defendants' prior assertions to the named Plaintiffs that Pennsylvania's PENNDOT caused the titling problems, Plaintiffs believe that the investigative findings and any consents to discipline by Defendants in other jurisdictions will rebut any argument that Defendants complied with the law.

Hon. Mia R. Perez
September 11, 2024
Page 3


Very truly yours,


*/s/ Daniel JT McKenna*

Daniel JT McKenna

cc: All counsel of record (via ECF)