**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANA JENNINGS, JOSEPH A. FURLONG, on their individual behalf and on behalf of other similarly situated persons,<br><br>             Plaintiffs,<br><br>    v.<br><br>CARVANA, LLC<br><br><br><br>             Defendant. | C.A. No.: 5:21-cv-05400 |
| SYRETTA ANGELIQUE HARVIN, DAVID WEAVER, JR., on their individual behalf and on behalf of other similarly situated persons,<br><br>             Plaintiffs,<br><br>    v.<br><br>CARVANA, LLC;<br>BRIDGECREST CREDIT COMPANY, LLC,<br><br><br><br>             Defendants. | C.A. No.: 2:23-cv-02068 |

**DECLARATION OF JAMES A FRANCIS IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL RESPONSES TO WRITTEN DISCOVERY**

1.     I, James A. Francis, am a shareholder with the firm of Francis Mailman and Soumilas, P.C. and one of the attorneys representing Plaintiffs Dana Jennings, Joseph A. Furlong, Syretta Angelique Harvin and David Weaver, Jr. in the above-captioned matter. I make this declaration based upon personal knowledge and belief.

2.     Or about December 24, 2021, Plaintiffs served Carvana with requests for the production of documents. Carvana responded on January 24, 2022. Carvana amended its responses on April 14, 2025. A true and correct copy of those April 14, 2025 responses, which

1

include both the requests and original answers in full, are attached hereto as **Exhibit 1.** Carvana has designed its written discovery responses in this matter as Confidential under the protective order (ECF 96).

3. On May 5, 2025, the parties met and conferred via telephone concerning Carvana's written discovery responses. On May 7, 2025, I wrote to counsel for Carvana memorializing our May 5, 2025 discussion.

4. On March 24, 2025, Plaintiffs served Carvana with interrogatories and a second set of requests for production of documents. Following an agreed extension, Carvana provided its responses on May 8, 2025. A true and correct copy of Carvana's objections and responses to Plaintiffs' First Set of Interrogatories is attached hereto as **Exhibit 2.** A true and correct copy of Carvana's objections and responses to Plaintiffs' Second Set of Requests for Production of Documents as attached hereto as **Exhibit 3.** Carvana has designed its written discovery responses in this matter as Confidential under the protective order (ECF 96).

5. I participated in meet and confer calls via telephone with counsel for Carvana on May 19, 2025, and May 27, 2025. During these calls, Plaintiffs clarified the intent and scope of the interrogatories and offered to rephrase them to address Carvana's objections. Redacted

6. On May 30, 2025, Plaintiffs reiterated their position in a letter to counsel for Carvana summarizing the discussions and confirming their proposed modifications to the discovery requests to address Carvana's objections. A true and correct copy of this May 30, 2025

letter is attached hereto as **Exhibit 4.** Carvana has requested that the Parties' written meet and confer correspondence be treated as Confidential under the protective order (ECF 96).

7. On June 11, 2025, Plaintiffs served Carvana with a third set of requests for production of documents.

8. On June 16, 2025, Carvana responded to Plaintiffs' letter of May 30, 2025 restating its objections and declining to supplement. A true and correct copy of this June 16, 2025 correspondence is attached hereto as **Exhibit 5.**

9. The Parties also participated in a meet and confer call regarding discovery issues on June 16, 2025.

10. On July 11, 2025, Carvana served its objections and responses to Plaintiffs' third set of requests for production of documents. A true and correct copy of these responses is attached hereto as **Exhibit 6.** Carvana has designed its written discovery responses in this matter as Confidential under the protective order (ECF 96).

11. I took the depositions of Carvana witnesses Harry Alberti-Correa and Mark Murphy on July 17, 2025 in Phoenix, Arizona. Excerpts of the transcript of Mr. Alberti-Correa's testimony is attached hereto as **Exhibit 7**. Excerpts of the transcript of Mr. Murphy's testimony is attached hereto as **Exhibit 8**. Counsel for Defendants designated both transcripts as confidential pursuant to paragraph 10 of the protective order in this matter. ECF 96.

12. I took the deposition of Carvana witness Andrew Sterbenz on July 18, 2025 in Phoenix, Arizona. Excerpts of the transcript of Mr. Sterbenz's testimony is attached hereto as **Exhibit 9**. Counsel for Defendants designated the transcript as confidential pursuant to paragraph 10 of the protective order in this matter. ECF 96.

3

13.     In an August 15, 2025 letter to defense counsel, Plaintiffs outlined the new information regarding the availability of data bearing on Plaintiffs' claims and the proposed classes learned through the Correa, Murphy, and Sterbenz testimony, and requested that Carvana update its written discovery responses accordingly. A true and correct copy of this letter is attached hereto as **Exhibit 10.**

14.     In its letter of August 27, 2025, Redacted

██████████████████████████████████████████

████████████████████████████ A true and correct copy of this letter is attached hereto as **Exhibit 11.**

15.     I participated in a meet and confer telephone call with counsel for Defendants September 3, 2025. Redacted

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

16.     On September 3, 2025, Plaintiffs served Carvana with a second set of interrogatories. Carvana responded on October 10, 2025. A true and correct copy of Carvana's objections and responses to Plaintiffs second set of interrogatories is attached hereto as **Exhibit 12**. Carvana has designed its written discovery responses in this matter as Confidential under the protective order (ECF 96).

17.     On September 3, 2025, Plaintiffs served Carvana with a fourth set of requests for production of documents. Carvana responded on October 10, 2025.  A true and correct copy of those October 10, 2025 responses, which include both the requests and original answers in full, are attached hereto as **Exhibit 13.** Carvana has designed its written discovery responses in this matter as Confidential under the protective order (ECF 96).

18.     On September 3, 2025, Plaintiffs served Carvana with a second set of requests for admission. Carvana responded on October 10, 2025.  A true and correct copy of those October 10, 2025 responses, which include both the requests and original answers in full, are attached hereto as **Exhibit 14**. Carvana has designed its written discovery responses in this matter as Confidential under the protective order (ECF 96).

19.     Plaintiffs served a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) on Defendant Carvana on September 5, 2025.

20.     Plaintiffs served a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) on Defendant Bridgecrest on September 8, 2025.

21.     Defendant Carvana served objections to the Carvana Rule 30(b)(6) Notice on September 22, 2025.

22.     Defendant Bridgecrest served objections to the Bridgecrest Rule 30(b)(6) Notice on September 16, 2025.

23.     Counsel for the Parties met and conferred regarding the Bridgecrest Rule 30(b)(6) Notice and Defendants' objections thereto via Teams on September 22, 2025.

24.     I took the depositions of Jordan Firman and Brian Iams on September 25, 2025, in Phoenix, Arizona.  Excerpts of the transcript of Mr. Firman's testimony are attached hereto as **Exhibit 15**.  Excerpts of the transcript of Mr. Iams's testimony are attached hereto as **Exhibit 16.**

5

Counsel for Defendants designated both transcripts as confidential pursuant to paragraph 10 of the protective order in this matter.  ECF 96.

25.	I took the deposition of Joshua Johnson on September 26, 2025 in Phoenix, Arizona.  Excerpts of the transcript of Mr. Johnson's testimony are attached hereto as **Exhibit 17**. Counsel for Defendants designated the transcript as confidential pursuant to paragraph 10 of the protective order in this matter.  ECF 96.

26.	On October 6, 2025, I participated in a meet and conferral with Carvana's counsel regarding the Plaintiffs' Rule 30(b)(6) Notice of Deposition and Carvana's objections thereto in an effort to further narrow areas of dispute.

27.	Plaintiffs served their amended notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) on Defendant Carvana on October 8, 2025 (herein, the "Carvana Rule 30(b)(6) Notice").

28.	Plaintiffs served their amended notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) on Defendant Bridgecrest on October 8, 2025 (herein the "Bridgecrest Rule 30(b)(6) Notice").

29.	Defendant Carvana has objected to producing a witness to testify to 18 out of the 30 the topics in the Carvana Rule 30(b)(6) Notice, and objected to and limited its responses to the other topics.  In light of these objections, counsel for Carvana communicated that it would not produce a witness to sit for the Rule 30(b)(6) deposition, and that it intended to file a motion for protective order in advance of the deposition.

30.	Of the eleven (11) topics for testimony listed in the Bridgecrest Rule 30(b)(6) Notice, Defendant Bridgecrest has agreed to prepare a witness for testimony on only four (4) and has represented that it intends to file a motion for protective order.

31.     Following the Court's October 21, 2025 Order (ECF 116), I participated in a meet and confer call with counsel for Defendants concerning the impact of the Court's order regarding the outstanding discovery in this matter, including whether Defendants would supplement their discovery responses in light of the Court's ruling that discovery transactions occurring after November 7, 2022 is appropriate where it is relevant to certain issues.  On October 27, 2022, counsel for Defendants confirmed that Carvana would not make any further productions of documents or information pending the Court's rulings on the Parties' anticipated discovery motions.

32.     Redacted

*See* Ex. 2 (Resp. To Interrogatories ("INTs" 1st Set) at #5-11, 15; Ex. 3 (Resp. Requests for Production of Documents ("RPDs") 2d Set) at #53-55; Ex. 6 (RPDs 3d Set) at # 1, 5; Ex. 12 (INTs 2d Set) at #1-2, 4-6; Ex. 13 (RPDs 4th Set) at #13, 15, 19.

33.     Redacted

*See* ECF 104.  Carvana objected to virtually all of Plaintiffs' written discovery requests on this basis.  *See* Ex. 1 (RPDs 1st Set) at General Objections and #1-34; Ex. 2 (INTs 1st Set) at General Objections and # 1-5, 17-18; Ex. 3 (RPDs 2d Set) at #1-55; Ex. 6 (RPDs 3d Set) at RPDs #1-24; Ex. 12 (INTs 2d Set) at General Objections and #1-2, 4-6; Ex. 13 (RPDs 4th Set) at #1-9, 14, 16-18, 20. Carvana also objected to deposition testimony on this basis.  Ex. 9, Sterbenz Dep. at 70:6-23, 71:6-72:8.

34.     Attached hereto as **Exhibit 18** is a true and correct copy of a document produced by Defendants in this matter Bates-stamped CARV-0000002494 to 2495, and marked as confidential pursuant to the protective order.

35.     Attached hereto as **Exhibit 19** is a true and correct copy of a document produced by Defendants in this matter Bates-stamped CARV-0000002272 to 2274, and marked as confidential pursuant to the protective order.

36.     Attached hereto as **Exhibit 20** is a true and correct copy of a document produced by Defendants in this matter Bates-stamped CARV-00000001980 to 1985 and marked as confidential pursuant to the protective order.

37.     Attached hereto as **Exhibit 21** is a true and correct copy of a document produced by Defendants in this matter Bates-stamped CARV-00000003011 to 3012 and marked as confidential pursuant to the protective order.

38.     Attached hereto as **Exhibit 22** is a true and correct copy of the October 30, 2025 Declaration of Jonathan Jaffe in this matter and including Exhibit A thereto.

39.     Attached as **Exhibit 23** is a true and correct copy of documents produced by Plaintiffs in this matter Bates-stamped PL Production 274 to 289.[1]

40.     Attached hereto as **Exhibit 24** is a true and correct copy of a document produced by Defendants in this matter Bates-stamped CARV-0000002821 to 2831, and marked as confidential pursuant to the protective order.

41.     Attached hereto as **Exhibit 25** is a version of the same document presented as Exhibit 24, identifying the portions of the document which show the existence of information and

---

[1]     Although not a confidential document or proposed to be sealed, Plaintiffs have redacted personal identifiers including Vehicle Identification Numbers, license plate numbers, title numbers, and Work Identification Numbers (WINs) appearing in Exhibit 23 pursuant to L.R. 5.1.3 in order to avoid revealing the identities of potential class members and other non-party individuals.

documents responsive to Plaintiffs' written discovery requests, and identifying the relevant requests. Because this demonstrative retains the original material marked as confidential by Defendants pursuant to the protective order, it is treated as confidential.

42. As described above, I and other members of Plaintiffs' counsel have exercised diligent and good faith efforts to confer with counsel for Defendants regarding each and every discovery dispute that is the subject of Plaintiffs' forthcoming motion to compel prior to seeking intervention from the Court. As detailed in the foregoing paragraphs and exhibits, I personally participated in upwards of 10 telephone conferences and extensive email correspondence with counsel for Defendant Carvana Thomas F. Burke, Thomas W. Hazlett, and/or Daniel J. McKenna. In addition, in an effort to compromise, resolve discovery disputes and avoid the need for court intervention, I offered to revise, rephrase, modify, and/or otherwise limit numerous written discovery requests and deposition questions to make resolve Defendants' objections, mostly to no avail.

43. For ease of the Court's reference, attached hereto as **Exhibit 26** is a chart setting forth the text of each of Plaintiffs' written discovery requests at issue in Plaintiffs' Motion to Compel, the text of Carvana's response, the text of any modification proposed by Plaintiffs, and the specific material Plaintiffs request that the Court compel Carvana to provide.

44. Additionally, attached hereto as **Exhibit 27** for the Court's references is an index of the exhibits attached hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 31, 2025                                    /s/ James A Francis
                                                           James A. Francis