# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JENNINGS, et al. | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 2:21-CV-05400** |
| | : | |
| CARVANA, LLC, | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| HARVIN, et al. | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 2:23-CV-02068** |
| | : | |
| CARVANA, LLC, et al., | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DECLARATION OF THOMAS F. BURKE IN SUPPORT OF DEFENDANTS'**
**MOTION FOR A PROTECTIVE ORDER REGARDING**
**PLAINTIFFS' RULE 30(B)(6) NOTICES**

I, Thomas F. Burke, declare pursuant to 28 U.S.C. § 1746 as follows:

1.	I am over the age of 18 years of age and am a Partner at Ballard Spahr, LLP, and one of the attorneys representing Carvana, LLC ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest") in the above-captioned matter. I am familiar with the discovery process for both Defendants in this matter, including all parties' discovery requests, responses, productions, and interactions at meet-and-confers and through written correspondence. This declaration is based on my own personal knowledge of the matters stated herein.

2.	On September 3, 2025, the parties met and conferred to discuss, among other things, custodial ESI searches in response to certain of Plaintiffs' discovery requests. The parties agreed that Plaintiffs would first identify the discovery requests as to which Plaintiffs sought ESI searches,

and Defendants would then identify appropriate custodians, after which the parties would confer regarding search terms.

3.    On September 19, 2025, for the first time, Plaintiffs' counsel identified the discovery requests as to which Plaintiffs sought ESI searches, including discovery requests to which Defendants had not yet served responses and objections.

4.    On October 6, 2025, I participated in a meet and confer session with Plaintiffs' counsel, during which we discussed the parties' intent to seek relief from the court on a variety of pending discovery issues that would impact, among other things, the scope and necessity of ESI searches. The parties also discussed, for the first time, a potential stay of discovery deadlines to permit the opportunity for comprehensive motion practice.

5.    On October 9, 2025, by email, the parties agreed to file a joint motion seeking a stay of all discovery deadlines. The parties filed that motion on October 13, 2025, and the court entered its order granting the motion on October 21, 2025.

6.    As such, to the extent the declaration of opposing counsel submitted on November 21, 2025, ECF 128-1, at ¶ 2, implies that Plaintiffs made a "proposal" for ESI on September 3, 2025 and Carvana failed to take any position until October 21, 2025, that is inaccurate. Plaintiffs' ESI proposal was pending for, at most, just over two weeks by the time the parties began seriously contemplating a stay of all fact discovery. Carvana will respond to Plaintiffs' ESI proposal at an appropriate time following the current stay of discovery.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Philadelphia, PA on the 12th of December 2025.

/s/ Thomas F. Burke
Thomas F. Burke
Ballard Spahr LLP
Counsel for Defendants

2